## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

2006 JUL 21  A II: 18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

FRANK BLAIR,  )
  )
    Plaintiff,  )
  )
v.  )  **CIVIL ACTION NUMBER:**
  )  2:06 cv 051 - MEF
  )  **(Removed from the Circuit**
AETNA LIFE INSURANCE  )  **Court of Montgomery County,**
COMPANY, AMERICOLD  )  **Alabama, CV 2006-1687)**
LOGISTICS, LLC, DAWN  )
SANFORD, et al.,  )

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants

Aetna Life Insurance Company ("Aetna"), AmeriCold Logistics, LLC

("AmeriCold"), and Dawn Sanford (collectively "Defendants"), hereby give

notice of the removal of this action from the Circuit Court of Montgomery

County, Alabama, where it was pending, to the United States District Court

for the Middle District of Alabama, Northern Division. As grounds for this

removal, Defendants show the Court as follows:

    1.    Plaintiff filed this action against Defendants in the Circuit Court

of Montgomery County, Alabama, CV-2006-1687, on June 14, 2006. True

and correct copies of the summons and all the pleadings, process and orders

contained in the court file and/or served upon Defendants in said action are attached hereto as Exhibit 1 and incorporated herein.

2.     Defendants Aetna and AmeriCold, the first two defendants to be served, were served with a copy of Plaintiff's Complaint on June 23, 2006. Less than thirty (30) days have passed since Plaintiff first served his Complaint on any Defendant. All three Defendants join in this removal.

3.     In his Complaint, Plaintiff alleges that he was denied spousal life insurance benefits under a life insurance plan that is insured by Aetna. (*See* Compl. at ¶¶ 5-10). Furthermore, Plaintiff alleges that, as a result of the conduct by Aetna and AmeriCold, he does not have the spousal life insurance benefits to which he is entitled under the plan. (*Id.* at ¶¶ 12-14).

4.     In the context of The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, two types of preemption are potentially applicable: (1) statutory or "defensive" preemption; and (2) implied or "complete" preemption. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

a.     Under ERISA § 514, a claim that is completely preempted is also defensively preempted. 29 U.S.C. § 1144; *Butero v. Royal Macabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999). A state law claim is defensively preempted under ERISA § 514 if it

relates to an employee benefit plan but does not relate to a state law that regulates insurance, banking, or securities. *See* 29 U.S.C. § 1144(a) & (b)(2)(A). Therefore, Plaintiff's state law claims that relate to an ERISA plan are defensively preempted. *See id.* Because defensive or statutory preemption under ERISA § 514 is not a basis or a prerequisite for complete or "super" preemption, however, Defendants do not remove this action based on ERISA's defensive preemption provision. *See Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1014, 1014 n. 7 (11th Cir. 2003); *see also Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 913-14 (8th Cir. 2005) (finding complete preemption of "any willing provider" statute even though such statute was not subject to defensive preemption); *In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1290-92 (S.D. Fla. 2003) (finding complete preemption of claims brought by non-contract providers, even though such claims were found not subject to defensive preemption). Instead, Defendants remove this action based on complete preemption.

       b.     "Complete" preemption under ERISA § 502 applies even to state laws that do not fall within the parameters of ERISA's defensive preemption provision (§ 514). *See John Hancock Mut. Life*

*Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 99 (1993) ("State law governing insurance generally is not displaced, but 'where [that] law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress,' federal preemption occurs."). When a claim is completely preempted by ERISA § 502(a), 29 U.S.C. § 1132, then § 502(a) becomes the sole path by which an allegedly aggrieved beneficiary may travel to obtain relief. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (noting that if plaintiffs cannot proceed under § 502(a), "they have no remedy at all" under ERISA); *Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430, 431 (11th Cir. 1989) ("[ERISA is] not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims"); *Anschultz v. Conn. Gen. Life Ins. Co.*, 850 F.2d 1467, 1469 (11th Cir. 1988) (holding that a state statute that provided a cause of action to redress violations of a state insurance code was preempted by ERISA).

5.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b) and this action can be removed to this Court, per ERISA's complete preemption provision (§ 502), based on the following:

4

a.     The controversy between Plaintiff and Defendants involves a federal question over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and ERISA.

b.     Plaintiff states several claims founded on rights arising under ERISA, 29 U.S.C. §§ 1001, *et. seq.*, in that Plaintiff's claims relate to spousal life insurance benefits that are, or are part of, an employee welfare benefit plan governed by ERISA. Notwithstanding Plaintiff's filing this action in state court, Plaintiff's claims are completely preempted by ERISA and are necessarily federal in character. This matter is therefore removable to federal court. *See, e.g., Aetna Health Inc. v Davila*, 542 U.S. 200, 207-09 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (holding that a claim related to employee benefit plan is preempted by ERISA and is removable pursuant to § 1441); *Butero v. Royal Macabees Life Ins. Co.*, 174 F.3d 1207, 1215 (11th Cir. 1999) (same).

c.     For complete preemption to exist under ERISA § 502, four elements must be established: (1) an ERISA plan must exist; (2) a plaintiff must have standing to sue under the plan; (3) a defendant must be an ERISA entity; and (4) the complaint, in some part, must seek relief that is available under § 1132(a). *Butero*, 174 F.3d at

1212.  To determine whether removal is appropriate, a court must consider whether each element is satisfied.  *Nicholson v. Nat'l Accounts, Inc.*, 105 F. Supp. 2d 1290, 1293 (S.D. Ala. 1999).  As described in paragraphs d-i below, each of the four elements exists here.

      d.    First, an ERISA plan existed.  An "employee benefit plan" is either an "employee pension benefit plan" (providing retirement benefits or deferred income) or an "employee welfare benefit plan" (providing, among other things, medical, disability, or death benefits).  29 U.S.C. § 1002(1)-(3).  An employee welfare benefit plan governed by ERISA requires (1) a plan, fund, or program (2) established or maintained (3) by an employer (4) to provide participants or beneficiaries (5) benefits subject to ERISA (here, spousal life insurance benefits).  *Id.* § 1002(1); *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982).  These five elements are met in the instant case.

      (1)    There is a plan.  "An ERISA plan exists whenever there are intended benefits, intended beneficiaries, a source of financing, and a procedure to apply for and collect benefits."  *Butero*, 174 F.3d at 1214 (citing *Donovan*, 688 F.2d at 1372).

The life insurance plan at issue in this matter – that is, the Life Insurance and Accidental Death & Personal Loss Coverage Plan (the "Plan") – was established to provide life insurance benefits to employees of AmeriCold. (*See* Aff. of Ronald L. Campo, Jr., attached hereto as Ex. 2 (attaching a copy of the Summary Plan Description ("SPD") for the Plan)). Plaintiff, an AmeriCold employee, alleges that he was denied spousal life insurance benefits under the Plan, which Plan is insured by Aetna. (*See* Compl. at ¶¶ 5-10). Plaintiff was an intended beneficiary of the Plan. The source of financing of the Plan is the arrangement that exists between Aetna and AmeriCold. (*See* Aff. of Ronald L. Campo, Jr. (attaching a copy of the Plan's SPD)). The means of applying for benefits are outlined in the Plan. (*See id.* at Aetna-0021, 0039-0041 (explaining, in the SPD, the claim procedure by which plan participants must apply for benefits)).

(2)     Because AmeriCold had some involvement in implementing the Plan, it is considered "established." *Butero*, 174 F.3d at 1214 ("A plan is 'established' when there has been some degree of implementation by the employer going beyond

a mere intent to confer a benefit."). AmeriCold implemented the Plan by arranging for Aetna to provide life insurance benefits to its employees. *Donovan*, 688 F.2d at 1373 (holding that the purchase of insurance for a class of employees is evidence that an ERISA plan has been established); (Aff. of Ronald L. Campo, Jr. (attaching a copy of the Plan's SPD)).

(3)    ERISA defines "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). Under that definition, AmeriCold is an employer. In addition, and as an "employer engaged in commerce, or in an[] industry or activity affecting commerce," AmeriCold established or maintained the ERISA plan in which Plaintiff was a participant during his employment. *Id.* § 1003(a).

(4)    As an AmeriCold employee, Plaintiff is a participant and/or beneficiary under the Plan. Under ERISA, the term "participant" means "any employee or former employee of an employer . . . ." 29 U.S.C. § 1002(7). The term

"beneficiary" means "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). Under those definitions, Plaintiff is a participant and/or a beneficiary.

(5)    Life insurance benefits are an ERISA-covered benefit. *See* 29 U.S.C. § 1002(1).

e.    Second, Plaintiff has standing to sue under the Plan. ERISA section 502(a) permits a plan "participant or beneficiary" to bring an ERISA-based civil action. 29 U.S.C. § 1132(a)(1). Further, the United States Supreme Court has stated that any "employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits" are permitted to bring suit under ERISA § 502(a). *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989). Plaintiff, an employee of AmeriCold, is a plan participant and/or a beneficiary and, therefore, is a person entitled to plan benefits. *Id.* Because Plaintiff is a plan participant and/or a beneficiary, he has standing to bring a civil action under ERISA § 502(a). *Id.*

f.    Third, Aetna is an ERISA entity.  ERISA entities include the employer, the plan, the plan fiduciaries, the plan participants, and the plan beneficiaries.  *Morstein v. Nat'l Ins. Servs.*, 93 F.3d 715, 722 (11th Cir. 1996).  Aetna, as the insurer of the plan, is an ERISA entity. *See id.* (making clear that an insurer is an ERISA entity).

g.    Fourth, Plaintiff's claims, based entirely on the denial of his claim for spousal life insurance benefits, are completely preempted because they fall within the scope of § 502(a) – that is, Plaintiff seeks "to enforce his rights under the terms of the plan . . . ."  29 U.S.C. § 1132(a)(1)(B).    Claims that are completely preempted are also defensively preempted.  *Butero*, 174 F.3d at 1215 (citing *McClelland v. Gronwaldt*, 155 F.3d 507, 517 (5th Cir. 1998)).    Therefore, and because Plaintiff's claims are completely preempted under ERISA § 502(a), Plaintiff's claims are defensively preempted under ERISA § 514 as well.

h.    Fifth, ERISA's civil enforcement provision – ERISA § 502(a) – creates causes of action that both replace and protect the analogous areas of state law upon which Plaintiff has attempted to base his claims.  For example, ERISA § 502(a)(1)(B) authorizes a

participant to sue in federal court "to enforce his rights under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B).

    i.    For these reasons, Plaintiff's claims in this matter necessarily arise under and are governed solely by ERISA and may be removed to this Court.

6.    This Court has supplemental jurisdiction of any claim that this Court might find not to be encompassed by ERISA, because such claim, if any, is so related to a claim under ERISA that it forms part of the same case or controversy.

8.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action (attached hereto as Exhibit 3), together with a copy of this Notice of Removal, has been filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and has been served on Plaintiff's counsel.

WHEREFORE, Defendants pray that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Montgomery County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in this proceeding.

DATED this 21st day of July, 2006.

Respectfully Submitted,

*[signature: James S. Christie, Jr.]*

James S. Christie, Jr. (CHR011)
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Attorneys for Defendants
Aetna Life Insurance Company,
AmeriCold Logistics, LLC,
and Dawn Sanford

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Ralph Bohanan, Jr.
Bohanan & Knight, P.C.
Suite 318 North
Birmingham, Alabama  35243

by placing a copy in the United States Mail, postage prepaid, on this 21st day of July, 2006.

*[signature]*

One of the Attorneys for Defendants

12

1/1468566.1

# EXHIBIT "1"

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP.93      12/95 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number  CV-06-1487<br>□□□□□□□□□□□<br><br>Date of Filing                                    Judge<br>□□□□□□                          □□□□□<br>Month   Day   Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MONTGOMERY _____ COUNTY

PLAINTIFF  FRANK BLAIR, et al.   v.   DEFENDANT  AETNA LIFE INS COMPANY, et al.

First Plaintiff  □ Business    ☒ Individual          First Defendant  ☒ Business   □ Individual
                 □ Government  □ Other                                □ Government □ Other

**NATURE OF SUIT:**    Select primary cause of action.

**TORTS PERSONAL INJURY**

□ WDEA    --   Wrongful Death
☒ TONG    --   Negligence: General
□ TOMV    --   Negligence: Motor Vehicle
□ TOWA    --   Wantonness
□ TOPL    --   Product Liability/AEMLD
□ TOMM    --   Malpractice - Medical
□ TOLM    --   Malpractice - Legal
□ TOOM    --   Malpractice - Other
□ TOXX    --   Other:

**TORTS      PERSONAL INJURY**

□ TOPE    --   Personal Property
□ TORE    --   Real Property

□ RPRO    --   Real Property
□ ACCT    --   Account & Non-Mortgage
□ COXX    --   Contract: All other
□ CVRT    --   Civil Rights
□ WTEG    --   Wills/Trusts/Estates/Guardianships
□ EQND    --   Non-Damage Actions (Declaratory Judgm
                Injunctions)

□ MSHC    --   Habeas Corpus/Extraordinary Writ
□ ADPA    --   Admin. Procedure Act
□ FELA    --   Railroad/Seaman (FELA)
□ COMP    --   Workmen's Compensation
□ COND    --   Condemnation (Fruits of Crime, Rt. Of W.
                Aband Vehicle
□ CVXX    --   Other:

**ORGIN** *(check one)*:      F ☒ INITIAL FILING         A □ APPEAL FROM          O □ OTHER:
                                                        DISTRICT COURT

                              R □ REMANDED              I □ TRANSFERRED FROM
                                                        OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**    ☒ Yes    □ No Note: Checking "Yes" does not constitute a demand for a jury trial (See
                                                         Rules 38 and 39 ARCP for procedure)

**ATTORNEY CODE:**
**BOH-002** _____
     Date                         Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    □ YES  □ NO        □ UNDECIDED

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FILED
CIRCUIT COURT OF
MONTGOMERY COUNT

| | | |
|---|---|---|
| FRANK BLAIR, an individual, | § | 2006 JUN 14  PM 3: 01 |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. *2006-1687* |
| AETNA LIFE INS COMPANY, | § | |
| AMERICOLD LOGISTICS, LLC, | § | |
| DAWN SANFORD, et al. | § | |
| Defendants. | § | |

## SUMMONS

This service by sheriff or certified mail of this summons and complaint is initiated upon the written request of the plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure upon the following defendant:

**AETNA LIFE INS COMPANY**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

## NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of the written answer, either admitting or denying each allegation in the Complaint, to BOHANAN & KNIGHT, P.C., attorneys for plaintiff, One Perimeter Park South, Suite 318 North, Birmingham, Alabama 35243. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

DATED: __6-21-06__

_____
CLERK OF CIRCUIT COURT

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 JUN 14  PM 3:00

| | | |
|---|---|---|
| FRANK BLAIR, an individual, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| AETNA LIFE INS COMPANY, | § | |
| AMERICOLD LOGISTICS, LLC, et al. | § | |
| | § | |
| Defendants. | § | |

## SUMMONS

This service by sheriff or certified mail of this summons and complaint is initiated upon the written request of the plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure upon the following defendant:

**AMERICOLD LOGISTICS, LLC** 
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

## NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of the written answer, either admitting or denying each allegation in the Complaint, to BOHANAN & KNIGHT, P.C., attorneys for plaintiff, One Perimeter Park South, Suite 318 North, Birmingham, Alabama 35243. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

DATED: __6-21-06__

_Melissa Pittman_

CLERK OF CIRCUIT COURT

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FRANK BLAIR, an individual,

    Plaintiff,

v.

AETNA LIFE INS COMPANY,
AMERICOLD LOGISTICS, LLC,
DAWN SANFORD, et al.
    Defendants.

§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. *CV-2006-148*

2006 JUN 14  PM 3: 00

### SUMMONS

    This service by sheriff or certified mail of this summons and complaint is initiated upon the written request of the plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure upon the following defendant:

**DAWN SANFORD** 
841 Whitehall Parkway
Montgomery, AL 36109

### NOTICE TO DEFENDANT

    The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of the written answer, either admitting or denying each allegation in the Complaint, to <u>BOHANAN & KNIGHT, P.C.</u>, attorneys for plaintiff, <u>One Perimeter Park South, Suite 318 North, Birmingham, Alabama 35243.</u> THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

DATED: <u>6-21-06</u>

_____
CLERK OF CIRCUIT COURT

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

## CIVIL ACTION NO. 2006-1687

FRANK BLAIR, an individual,                  §
                                             §
    Plaintiff,            §
                                             §
v.                                           §
AETNA LIFE INS COMPANY,                      §
a corporation;                               §
AMERICOLD LOGISTICS, LLC,                    §
a corporation;                               §
DAWN SANFORD, an individual;                 §

and **No. 1**, whether singular or plural, that entity or those entities whose breach of contract proximately caused the Plaintiff's damage pursuant to said contractual breach; **No. 2**, whether singular or plural, that entity or those entities whose fraud in the inducement caused the Plaintiff to become uninsured and proximately caused the Plaintiff to incur substantial damages and great mental anguish as a result thereof; **No. 3**, whether singular or plural, that entity or those entities whose bad faith caused the Plaintiff to become uninsured and proximately caused the Plaintiff to incur substantial damages and great mental anguish as a proximate result thereof; **No. 4**, whether singular or plural, that entity or those entities which made any promise or affirmation of fact relating to the contract involved in the occurrence made the basis of Plaintiff's complaint; **No. 5**, whether singular or plural, that entity or those entities who or which provided information referable to the coverage of the insurance contract involved in the occurrence made the basis of Plaintiff's complaint; **No. 6**, whether singular or plural, that entity or those entities, other than those entities described above, which is the successor in interest of any of the entities described above; **No. 7**, whether singular or plural, that entity or those entities, other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 8**, whether singular or plural, that individual or those individuals, that entity or those entities who was the agent or agent's company that sold the policy of insurance to the Plaintiff which forms the basis of this suit. **No. 9**, whether singular or plural, that entity or those entities, that individual or those individuals, other than those individuals and entities described above, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; Plaintiff aver that the identities of the fictitious parties defendant herein is otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff their identities as proper parties defendant is not known to the Plaintiff at this time and their true names will be substituted by amendment when ascertained.

    Defendants.

# COMPLAINT

## PARTIES

1.   Plaintiff, **FRANK BLAIR**, at all times material to the allegations of this complaint was and is a resident citizen of Montgomery County, Alabama and is over the age of nineteen (19) years.

2.   Defendant, **AETNA LIFE INS COMPANY**, is a foreign corporation, incorporated in the State of Connecticut and having its principal place of business in the State of Connecticut, and at all times material times relating to the allegations in this complaint, did business in Montgomery County, Alabama.

3.   Defendant, **AMERICOLD LOGISTICS, LLC**, is a foreign corporation, incorporated in the State of Delaware and having its principal place of business in the State of Georgia, and at all times material times relating to the allegations in this complaint, did business in Montgomery County, Alabama.

4.   Defendant, **DAWN SANFORD**, at all times material to the allegations of this complaint was and is a resident citizen of Montgomery County, Alabama and is over the age of nineteen (19) years.   Defendant, **DAWN SANFORD**, worked in Montgomery, Alabama and it is alleged that a substantial part of the events or omissions giving rise to the Plaintiff's complaint occurred in Montgomery, Alabama. At all times relevant hereto, Defendant, **DAWN SANFORD**, was an agent and/or employee operating in the line and scope of his agency/employment with Defendants, **AMERICOLD LOGISTICS, LLC and/or AETNA LIFE INS COMPANY.**

2

## FACTS

5.   On November 20, 2002, Plaintiff, **FRANK BLAIR,** purchased life insurance coverage for himself, his wife and his dependent child though his employer, **AMERICOLD LOGISTICS, LLC,** with an effective date of coverage of January 1, 2003.

6.   Plaintiff, **FRANK BLAIR,** purchased life insurance coverage on his wife, SANDRA BLAIR, in the amount of $40,000.

7.   A deduction in the amount of $2.77 was taken from Plaintiff, **FRANK BLAIR's** paycheck each pay period for supplement spousal life from the date of Plaintiff's election until July 11, 2004, approximately 3 weeks after Plaintiff's wife passed away.

8.   On June 16, 2004, Plaintiff's spouse, SANDRA BLAIR, died.

9.   Thereafter, on July 27, 2004, Defendant, **AETNA LIFE INS COMPANY,** informed Plaintiff, **FRANK BLAIR,** that no spousal coverage was available.

10.  On July 28, 2004, Defendant, **AMERICOLD LOGISTICS, LLC,** had Plaintiff, **FRANK BLAIR** execute a Family Status Change Form wherein the spousal life insurance was waived.

## COUNT I

11.  Plaintiff re-adopts and re-alleges Paragraphs 1 through 10 as if fully set out herein.

12.  On or about November 22, 2002, Plaintiff, **FRANK BLAIR,** applied for and purchased for valuable consideration a life insurance policy from the Defendant, **AETNA LIFE INS COMPANY.** Said policy of insurance, purported to provide life insurance coverage on Plaintiff's spouse, SANDRA BLAIR. Pursuant to said policy of insurance, the Defendant, **AETNA LIFE INS COMPANY,** collected premium payments

3

regarding said policy of insurance though Plaintiff's employer, Defendant, **AMERICOLD LOGISTICS, LLC and DAWN SANFORD.**

13.   On or about June 16, 2004, Plaintiff's spouse, SANDRA BLAIR, died.  This death was promptly reported to Defendants, **AETNA LIFE INS COMPANY, AMERICOLD LOGISTICS, LLC and DAWN SANFORD.**

14.   The Defendant, **AETNA LIFE INS COMPANY, AMERICOLD LOGISTICS, LLC, DAWN SANFORD** and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, and 9,** breached their agreement with the Plaintiff pursuant to the above-stated policy of insurance by failing and refusing to pay the death benefits, as required under said policy of insurance.

15.   As a proximate result of the breach of contract by the Defendants as set out above, the Plaintiff was caused to suffer compensatory damages.


## COUNT II

16.   Plaintiff re-adopts and re-alleges Paragraphs 1 through 15 as if fully set out herein.

17.   The Defendants, **AETNA LIFE INS COMPANY, AMERICOLD LOGISTICS, LLC and DAWN SANFORD,** and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, and 9,** throughout the coverage periods, knew they did not intend to pay the benefits required under the above-stated policy of insurance and fraudulently induced the plaintiff to continue paying premiums.  Further, the defendants cancelled the insurance without cause and without Plaintiff's advance knowledge or consent.  Plaintiff continued to pay premiums and rely upon the defendants' representations to his detriment despite said cancellation.

4

18. The defendants knew that the representations that the policy would pay the aforesaid benefits were false, and the defendants knew that the Plaintiff relied on these representations to his detriment. The Defendants made the misrepresentations to the Plaintiff intentionally or with reckless disregard for the truth and said misrepresentations were made with the intent that Plaintiff would rely on said misrepresentations

19. The aforesaid fraud by the defendant proximately caused the Plaintiff to suffer substantial damage and great mental anguish as a result thereof.


## COUNT III

20. Plaintiff re-adopts and re-alleges Paragraphs 1 through 19 as if fully set out herein.

21. The creation of the aforesaid insurance contract between the Plaintiff and the Defendants, **AETNA LIFE INS COMPANY, AMERICOLD LOGISTICS, LLC and DAWN SANFORD** and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, and 9**, was based on the element of reliance on the part of the Plaintiff which was unlike relationship shared by parties to contracts generally. Implicit in this relationship was the duty of good faith and fair dealing. The Defendants had a duty imposed by law to exercise good faith and fair dealing in the performance of their contractual obligations under the terms of the aforesaid agreement. The Defendants, **AETNA LIFE INS COMPANY, AMERICOLD LOGISTICS, LLC and DAWN SANFORD** and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, and 9**, had a duty not to willfully and maliciously deny benefits and/or terminate insurance coverage. The defendants breached this duty when they, without legal justification and with intent to

5

injure the Plaintiff, refused to provide Plaintiff with the aforesaid contractual benefits. Said Defendants breached this duty in that there was no genuine dispute over the rights or entitlement to receive the aforesaid benefits, i.e., there was no factual and/or legal basis for denial of said benefits, and the Defendants had knowledge that there was no genuine dispute over the claim, but nonetheless wrongfully and without justification denied and refused to provide Plaintiff with said benefits and/or there was virtually no genuine dispute over Plaintiff's right to receive the aforesaid benefits pursuant to said contract.

22.     The Plaintiff was substantially injured as a proximate result of the aforesaid breach of duty by the Defendants in that the Plaintiff was deprived of benefits pursuant to said contract and was caused to suffer economic loss and great mental anguish as a proximate result thereof.

23.     Such conduct constitutes bad faith by the Defendants.   This wrongful conduct proximately caused the Plaintiff to suffer economic loss resulting in substantial monetary damage and great mental anguish as a result thereof.


## COUNT IV

24.     Plaintiff re-adopts and re-alleges Paragraphs 1 through 23 as if fully set out herein.

25.     The Defendants, **AETNA LIFE INS COMPANY, AMERICOLD LOGISTICS, LLC and DAWN SANFORD** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, **and 9,** collected policy premium payments with knowledge that said policy would not pay the above-stated benefits and furthermore accepted said policy premium payments knowing that the aforementioned benefits would not be paid in the event of a claim

made under said policy of insurance or that Defendants would terminate coverage upon receipt of a claim.

26.    As a result of the above-stated intentional and/or negligent misrepresentations and/or reckless disregard for the truth perpetrated by the Defendants, Plaintiff was caused to incur substantial monetary damages and great mental anguish. Additionally, as a result of the above-stated negligent, willful, wanton and/or reckless misrepresentations by the Defendants, Plaintiff was caused to incur substantial monetary damages and great mental anguish.

## COUNT V

27.    Plaintiff re-adopts and re-alleges Paragraphs 1 through 26 as if fully set out herein.

28.    The Defendants, **AETNA LIFE INS COMPANY, AMERICOLD LOGISTICS, LLC and DAWN SANFORD** and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, and 9**, negligently and/or wantonly sold the policy of insurance made the basis of this complaint to the Plaintiff with the knowledge that if a claim was made for the above-stated benefits that said claim would not be paid and/or coverage would be terminated. Defendants negligently and/or wantonly handled the collection and payment of insurance premiums. The Defendants also negligently or wantonly handled the claims made on the Plaintiff's behalf pursuant to said policy of insurance.

29.    The Plaintiff was substantially injured as a proximate result of the aforesaid negligent and/or wanton conduct by the Defendants in that the Plaintiff was deprived of benefits pursuant to said contract of insurance and was caused to suffer economic loss and great mental anguish as a proximate result thereof.

7

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court; to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the cost of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

RALPH BOHANAN, JR. (BOH-002)
Attorney for Plaintiff

**OF COUNSEL:**

BOHANAN & KNIGHT, P.C.
One Perimeter Park South
Suite 318 North
Birmingham, Alabama 35243
Telephone: (205) 977-2200
Facsimile: (205) 977-2555

## JURY DEMAND

Pursuant to the Alabama Rules of Civil Procedure, Plaintiffs demand a trial by jury on all counts herein in this action.

OF COUNSEL

## REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK

Attorney for Plaintiff hereby requests that the Clerk serve the following defendant by certified mail, return receipt requested.

OF COUNSEL

**Plaintiff's Address:**

Frank Blair
26 Elcar Circle
Montgomery, AL 36108

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING:

**AETNA LIFE INS COMPANY**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**AMERICOLD LOGISTICS, LLC**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**DAWN SANFORD**
841 Whitehall Parkway
Montgomery, AL 36109



# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FRANK BLAIR, an individual,      §
                                 §
  Plaintiff,           §
                                 §
v.                               §
                                 §  CIVIL ACTION NO. *2006 -1687*
AETNA LIFE INS COMPANY,          §
AMERICOLD LOGISTICS, LLC,        §
DAWN SANFORD, et al.             §
  Defendants.          §

FILED
...
... COUNTY

2006 JUN 14  PM 3: 00

## INTERROGATORIES AND REQUEST FOR PRODUCTION
## TO DEFENDANT, AETNA LIFE INS COMPANY

Comes now the plaintiff in the above-styled cause and requests that the defendant AETNA LIFE INS COMPANY answer the following interrogatories and request for production separately and severally within the time required by Alabama Rules of Civil Procedure. In addition, plaintiff requests that the defendants attach a copy of each and every document referred to in any of the interrogatories or in defendants' response thereto or that defendants state the date and time that said documents will be produced for inspection and copying at the offices of plaintiff's attorney.

NOTE: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by defendants or defendants' attorney subsequent to the original response. Any such supplemental answers are to be served upon counsel for plaintiff within thirty (30) days from receipts of such additional information but not later than the time of the trial of this case.

NOTE: Depending upon the volume of documentation that would be responsive to plaintiff's requests for production, counsel for the plaintiff may opt to review such documentation prior to copying. Please contact plaintiff's counsel when the volume of responsive documentation has been determined so that all counsel can agree on an appropriate method to achieve production.

1. State the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the interrogatories.

2. Is this defendant's name correctly stated in the complaint on file in this cause? If not, state the correct way that this defendant should be designated as a party defendant in an action of law both at the time the conduct complained of in the complaint as filed herein, and at the present time.

3. State the general corporate history of this defendant from the date of incorporation to the present, including the date and place of incorporation, date you first qualified to do business in Alabama, whether or not you continuously carried on business in Alabama since that date, and the specific or primary business engaged in by this defendant.

4.    State the full legal name, address and job title of the Alabama employee of this defendant who is best qualified to testify as to the type of information relating to this defendant's insurance business in the State of Alabama which is stored in this defendant's computers, as well as to how easily said information may be retrieved. If you state that no Alabama employee of this defendant is qualified to testify as to said information, please state the full legal name, address and job title of the person or persons, wherever located, who is or are best qualified to testify as to such information.

5.    With regard to the insurance policy that is the subject of this lawsuit, please give the following information:

   (a)    The inception date of said policy;
   (b)    The payment due dates on the above-referenced policy.
   (c)    The grace period for payments regarding the above-referenced policy.
   (d)    The effective dates of any cancellations or reinstatements of coverage.
   (e)    **PRODUCE:** Please attach a full and complete copy of said policy;
   (f)    **PRODUCE:** All notices of cancellation or reinstatement

6.    With regard to the claims for benefits made by the plaintiff upon the death of his wife, please respond to the following:

   (a)    The date that you received any claims or claims information concerning SANDRA BLAIR;
   (b)    Were the claims covered by the applicable insurance policy;
   (c)    What date did said claims became due and payable under the terms of said policy;
   (d)    Why were these claims not paid.

7.    State the name, address, and job title of every person who participated in the decision to not pay the claims on behalf of the plaintiff for benefits under the policy.

8.    State the name, address, and job title at the time of issuance of the policy of the person who issued the policy to plaintiff.

9.    State whether or not defendant refunded premiums to plaintiff. If so, state in complete detail the date refund was made; the amount of refund; the parties involved in the refund; and whether or not plaintiff accepted refund. **PRODUCE:** Copies of all records pertaining to this interrogatory.

10.    If the answer to the previous question is yes, state the name of the person or persons who participated in the decision to issue a refund of the premiums paid to plaintiff.

11.    State the name and address of each person known by this defendant to have any knowledge whatsoever of matters pertinent to the occurrence made the basis of plaintiff's complaint.

12.    State whether or not any representative of you company has obtained a statement from any person or persons, including the plaintiff, in connection with this matter. If the answer is yes, state the name and address of each individual from whom such a statement was taken; the date

said statements were taken and produce a copy of said statement. **PRODUCE:** Copies of all statements referenced herein.

13.  Please state the name and address of each expert witness that you expect to call as an expert witness at the trial of this case and with respect to each said expert(s), state or produce:

   (a)  The educational background and experience of the witness, and the facts constituting the basis of the qualifications of the witness;
   (b)  The subject matter(s) about which the witness is expected to testify;
   (c)  The substance of the facts and opinions to which the witness is expected to testify; and
   (d)  A summary of the grounds or basis of each opinion to which the witness is expected to testify;
   (e)  **PRODUCE** a current CV;
   (f)  **PRODUCE** copies of all data, literature or other information considered by the expert in coming to his/her opinions in this matter;
   (g)  **PRODUCE** a listing (case caption, Court, and counsel involved) of other cases in which the witness has testified as an expert at trial or  by  deposition  within  the preceding four years.
   (h)  **PRODUCE:** Any and all documentation, correspondence, or other materials which has been reviewed, inspected, or examined by the expert during his investigation of this case.

14.  State the name and principal address of each insurer of any type whatsoever, which insured this defendant against risks or losses on the dates of the occurrence made the basis of this lawsuit, along with the limits of liability for each such policy. **PRODUCE:** Copies of the Declaration Page outlining the policy limits regarding each policy referenced herein.

## ADDITIONAL REQUEST FOR PRODUCTION

1.  Please produce copies of any writings or electronic data including but not limited to letters, notes, memoranda, underwriting documents, e-mails, claims information, or other form of record made concerning FRANK BLAIR or his insurance policy.

2.  Please produce any documents relating to any inquiry made regarding said policy.

3.  Please produce a copy of any prior or presently pending lawsuits against this defendant or its agent(s), claiming injury or damage due to breach of contract, bad faith, breach of fiduciary duty, fraudulent, wanton or intentional misrepresentation, fraud in the inducement, unethical business practices, and any other negligent or wanton conduct that involves the denial of medical benefits or the cancellation of insurance coverage.

4.  Please produce copies of all correspondence, memorandums, e-mails, faxes, or any other form of communication between this defendant and any other defendant regarding the above-referenced policy or the plaintiff.

5.    Please produce copies of all agreements or contracts between this defendant and any other defendant that would relate to the issuance or termination of insurance.

6.    Please produce copies of all documents you received as forms of payments regarding the above-referenced policy. This shall include, but not be limited to, cancelled checks, accounting ledgers, or computer accounting entries regarding the payment of premiums.

7.    Produce any and all documents indicating or evidencing the commissions paid to any of the defendants by this defendant.

8.    Produce any and all policies and procedures with respect to the filing of the claim on behalf of the plaintiff, and the adjusting of the claim by the defendant.

9.    Produce a clear and legible copy of all contracts of insurance between plaintiff and this defendant.

10.   Produce a complete copy of the claims file for FRANK BLAIR. This should include, but is not limited to, all claims notes (computer or hard copy), phone logs, requests for payment, requests for authority, copies of all accessible computer screens and notes, payment history, claims history, underwriting criteria, and any other documentation that concerns FRANK BLAIR or his insurance claims.

11.   Produce a clear and legible copy of any and all documents and records reflecting communication activities and/or telephone calls with the defendants or the plaintiff concerning the plaintiff, his insurance, or his claims.

12.   Produce all contracts, licenses, and agreements between this defendant and the other defendants.

13.   Produce a copy of any advertising material, brochures or any other documents used by this defendant, their agents or employees in merchandising the type policy sold to FRANK BLAIR.

14.   Produce a copy of any and all instruction sheets, memoranda or any other documents provided by this defendant to its agents instructing them on proper procedures to be followed when receiving premium payments for insurance policies issued.

15.   Produce a copy of your entire file relating to FRANK BLAIR.


RALPH BOHANAN, JR. (BOH-002)
Attorney for Plaintiff


4



**OF COUNSEL:**

BOHANAN & KNIGHT, P.C.
One Perimeter Park South
Suite 318 North
Birmingham, Alabama 35243
Telephone: (205) 977-2200
Facsimile:  (205) 977-2555


## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING:

**AETNA LIFE INS COMPANY**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**AMERICOLD LOGISTICS, LLC**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**DAWN SANFORD**
841 Whitehall Parkway
Montgomery, AL 36109

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FRANK BLAIR, an individual,           §
                                       §          2006 JUN 14  PM 3: 00
        Plaintiff,                     §
                                       §
v.                                     §          CIVIL ACTION NO. *2006-1487*
AETNA LIFE INS COMPANY,                §
AMERICOLD LOGISTICS, LLC,              §
DAWN SANFORD, et al.                   §
        Defendants.                    §

## NOTICE OF THE TAKING OF THE DEPOSITION OF
## DEFENDANT, AETNA LIFE INS COMPANY

TO:    AETNA LIFE INS COMPANY
       C/o The Corporation Company
       2000 Interstate Park Drive, Suite 204
       Montgomery, AL 36109

       Please take notice that, pursuant to Alabama Rules of Civil Procedure No. 30(b)(5)&(6), plaintiff(s) will take the deposition of **THE EMPLOYEE OF AETNA LIFE INSURANCE COMPANY WITH THE MOST KNOWLEDGE REGARDING THE INSURANCE POLICY DESCRIBED IN THE COMPLAINT,** upon oral examination before an officer authorized to administer oaths.

       Said deposition shall commence at the offices of the plaintiff's attorneys located at One Perimeter Park South, Suite 318N, Birmingham, AL 35243, at 10:00 A.M. on the 16th day of Augyst, 2006, and shall continue and/or be resumed from time to time thereafter until the same has been completed. This deposition is for discovery and trial purposes.


                                   _____
                                   RALPH BOHANAN, JR. (BOH-002)
                                   Attorney for Plaintiff

**OF COUNSEL:**

BOHANAN & KNIGHT, P.C.
One Perimeter Park South
Suite 318 North
Birmingham, Alabama 35243
Telephone:  (205) 977-2200
Facsimile:   (205) 977-2555



## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING:

**AETNA LIFE INS COMPANY**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**AMERICOLD LOGISTICS, LLC**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**DAWN SANFORD**
841 Whitehall Parkway
Montgomery, AL 36109

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| FRANK BLAIR, an individual, | § | 2006 JUN 14 PM 3: 00 |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. *2006-1687* |
| AETNA LIFE INS COMPANY, | § | |
| AMERICOLD LOGISTICS, LLC, | § | |
| DAWN SANFORD, et al. | § | |
| Defendants. | § | |

### NOTICE OF THE TAKING OF THE DEPOSITION OF
### DEFENDANT, AMERICOLD LOGISTICS, LLC

TO:   AMERICOLD LOGISTICS, LLC
      C/o The Corporation Company
      2000 Interstate Park Drive, Suite 204
      Montgomery, AL 36109

Please take notice that, pursuant to Alabama Rules of Civil Procedure No. 30(b)(5)&(6), plaintiff(s) will take the deposition of **THE EMPLOYEE OF AMERICOLD LOGISTICS, LLC WITH THE MOST KNOWLEDGE REGARDING THE INSURANCE POLICY DESCRIBED IN THE COMPLAINT**, upon oral examination before an officer authorized to administer oaths.

Said deposition shall commence at the offices of the plaintiff's attorneys located at One Perimeter Park South, Suite 318N, Birmingham, AL 35243, at 1:00 P.M. on the 16th day of August, 2006, and shall continue and/or be resumed from time to time thereafter until the same has been completed. This deposition is for discovery and trial purposes.

_____
RALPH BOHANAN, JR. (BOH-002)
Attorney for Plaintiff

**OF COUNSEL:**

BOHANAN & KNIGHT, P.C.
One Perimeter Park South
Suite 318 North
Birmingham, Alabama 35243
Telephone: (205) 977-2200
Facsimile:  (205) 977-2555

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING:**

**AETNA LIFE INS COMPANY**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**AMERICOLD LOGISTICS, LLC**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**DAWN SANFORD**
841 Whitehall Parkway
Montgomery, AL 36109

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| FRANK BLAIR, an individual, | § | 2006 JUN 14 PM 3:00 |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. *2006-1487* |
| AETNA LIFE INS COMPANY, | § | |
| AMERICOLD LOGISTICS, LLC, | § | |
| DAWN SANFORD, et al. | § | |
| Defendants. | § | |

## NOTICE OF TAKING DEPOSITION

Please take notice that, pursuant to Alabama Rules of Civil Procedure, Plaintiff will take the deposition of:

### DAWN SANFORD

before a court reporter or some other officer authorized by law to administer oaths. Said deposition shall commence at the offices of the plaintiff's attorneys located at One Perimeter Park South, Suite 318N, Birmingham, AL 35243, at 4:00 P.M. on the 16th day of August, 2006, and shall continue and/or be resumed from time to time thereafter until the same has been completed. This deposition is for discovery and trial purposes.

_____
RALPH BOHANAN, JR. (BOH-002)
Attorney for Plaintiff

**OF COUNSEL:**

BOHANAN & KNIGHT, P.C.
One Perimeter Park South
Suite 318 North
Birmingham, Alabama 35243
Telephone:  (205) 977-2200
Facsimile:   (205) 977-2555

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING:

**AETNA LIFE INS COMPANY**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**AMERICOLD LOGISTICS, LLC**
C/O The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**DAWN SANFORD**
841 Whitehall Parkway
Montgomery, AL 36109

WAS

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☑ Addressee<br>B. Received by (*Printed Name*)  C. Date of Delivery<br>D-K. MILLER  6-23-06 |
| 1. Article Addressed to:<br><br>AMERICOLD LOGISTICS, LLC<br>C/O The Corporation Co<br>2000 Interstate Park Dr<br>Suite 204<br>Mongomery, AL 36109 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>S&C<br>CV-2006-1687 D2<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7005 1820 0003 4469 1527  BOH002 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

JUN 28
Filed
Melissa Rittenhouse
Circuit Clerk

p- Frank Blair
d- Aetna

WAS

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _D K Mull_  □ Agent  ☑ Addressee

B. Received by (*Printed Name*)  C. Date of Delivery
_D - K. Miller_  6-23-06

1. Article Addressed to:

AETNA LIFE INS COMPANY
C/O The Corporate Co
2000 Interstate Park Dr.
Montgomery, AL 36109

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

S & C

_JR CV-2006 - 1687 DL_

3. Service Type
□ Certified Mail   □ Express Mail
□ Registered       □ Return Receipt for Merchandise
□ Insured Mail     □ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  □ Yes

2. Article Number
(*Transfer from service label*)    7005 1820 0003 4469 1534

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

WAS

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY ALABAMA

| | | |
|---|---|---|
| **Frank Blair,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | **CV-2006-1687** |
| | ) | |
| **Aetna Life Insurance Company, et al.,** | ) | |
| Defendants. | ) | |

## JURY TRIAL ORDER

It is hereby **ORDERED** that the above matter is set for a **JURY TRIAL** on 8/20/07 at **9:00 am** in **Courtroom 3-C** of the *Montgomery County Courthouse.*

It is further **ORDERED** as follows:

The Parties SHALL, within Sixty (60) days from the date of this Order, file with this Court cut-off dates, including but not limited to discovery cut off, witness exchange, and exchange of *Rule 26* information.

**DONE** and **ORDERED** June 30, 2006.

*William A. Shashy*

**WILLIAM A. SHASHY**
Circuit Judge

Ralph Bohanan, JR. ✓
One Perimeter Park South
Suite 318 North
Birmingham, AL 35243

Aetna Life Insurance Company ✓
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

Americold Logistics, LLC ✓
c/o the Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

Dawn Sanford ✓
841 Whitehall Parkway
Montgomery, AL 36109

2006 JUN 30 PM 2:14

# EXHIBIT "2"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **FRANK BLAIR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | _____ |
| **AETNA LIFE INSURANCE** | ) | **(Removed from the Circuit** |
| **COMPANY, AMERICOLD** | | **Court of Montgomery County,** |
| **LOGISTICS, LLC, DAWN** | ) | **Alabama, CV 2006-1687)** |
| **SANFORD, et al.,** | | |
| | | |
| Defendants. | | |

## AFFIDAVIT OF RONALD L. CAMPO, JR.

STATE OF CONNECTICUT

                              :

HARTFORD COUNTY           )

       Personally appeared before me, a Notary Public in and for said County and State, Ronald L. Campo, Jr., who being known to me, and first duly sworn, deposes and says as follows:

       My name is Ronald ("Ron") L. Campo, Jr. The matters stated herein are within my personal knowledge or are contained in records kept by Aetna Life Insurance Company ("Aetna"). I am over the age of 19 and am otherwise competent to testify to the matters stated herein.

2.    I am a Consultant with Aetna, one of the Defendants in the above-styled action.  As part of my responsibilities for Aetna, I am familiar with Aetna's procedures for processing and administering claims for spousal life insurance benefits under group life insurance plans, including the claim at issue herein.  I am personally familiar with the manner in which Aetna maintains files and records, including those that relate to Frank Blair's claim for spousal life insurance benefits.  I am authorized to execute this affidavit as a representative of Aetna.

3.    The documents attached hereto are kept by Aetna in the regular course of business relative to claims for benefits, and such records are made at the time of the acts, transactions, occurrences and/or events reflected in the records, or within a reasonable time thereafter, by someone with personal knowledge of such acts, transactions, conditions, opinions, occurrences and/or events.

4.    Attached hereto as Exhibit A is a true and correct copy of the Summary Plan Description ("SPD") for the Life Insurance and Accidental Death & Personal Loss Coverage (the "Plan") that is at issue in the instant dispute.  The SPD consists of a Summary of Coverage and a Certificate Base.  As an eligible AmeriCold Logistics, LLC ("AmeriCold") employee, Plaintiff was a participant in the Plan.

2

5.     Under the SPD's express terms, life insurance coverage for a claimant's spouse terminates when that person no longer fits the definition of a "dependent." (*See* Ex. A at Aetna-0016). Covered dependents include, among others, a claimant's "legal spouse of the opposite sex, but NOT if you are legally separated." (*Id.* at Aetna-0029).

6.     To claim spousal life insurance benefits under the Plan, a claimant must submit a written claim to Aetna, giving proof of the nature and extent of the claimant's loss. (*See id.* at Aetna-0021). If Aetna denies the claim, the claimant may request a review of that denial. (*See id.* at Aetna-0039).

7.     The information available to Aetna about whether Plaintiff was married to the deceased comes from AmeriCold. Before this action was filed, Aetna understood that they were divorced. Since this action was filed, Aetna has heard that Plaintiff, to sign up the deceased for life insurance, represented to AmeriCold that he and the deceased remarried. Sandra Blair's Death Certificate documents that, at the time of her death, she was divorced. Attached hereto as Exhibit B is a copy of Sandra Blair's Death Certificate.

8.     On July 22, 2004, Plaintiff began a submission of a claim for spousal life insurance benefits. In a letter dated July 27, 2004, Aetna

informed Plaintiff that the deceased was not covered. (*See* Ex. C). To date, Plaintiff has not completed his claim for benefits and has not requested a review of a decision to deny his spousal life insurance claim. Accordingly, he has not exhausted the Plan's claims procedures.

I have read the foregoing Affidavit, ¶¶ 1-8, and I swear and affirm that it is true and correct to the best of my knowledge and belief.

Ronald L. Campo, Jr.

Sworn to and subscribed before me this the _20th_ day of July, 2006.

Notary Public for State of _CT_

My Commission Expires:
**JANET S. FOX**
**NOTARY PUBLIC**
My Commission Exp. June 30, 2008

4

# EXHIBIT "A"

# Table of Contents

Summary of Coverage.................................................................Issued With Your Booklet

Your Group Coverage Plan ..................................................................................................2

Life Insurance ......................................................................................................................3

Accidental Death and Personal Loss Coverage .......................................................10

Effect Of Benefits Under Other Plans..........................................................................15

   Effect of Prior Coverage - Transferred Business........................................15

General Information About Your Coverage ................................................................16

Glossary ..............................................................................................................................23
   (Defines the Terms Shown in Bold Type in the Text of This Document.)

Aetna - 0001

# Your Group Coverage Plan

This Plan is underwritten by the Aetna Life Insurance Company, of Hartford, Connecticut (called Aetna). The benefits and main points of the group contract for persons covered under this Plan are set forth in this Booklet. They are effective only while you are covered under the group contract.

If you become covered, this Booklet will become your Certificate of Coverage. It replaces and supersedes all Certificates issued to you by Aetna under the group contract.

*Ronald A. Williams*

President

Group Policy:      GP-698404-A
Cert. Base:        2
Issue Date:        October 8, 2003
Effective Date:    January 1, 2003

GR-9                              2

Aetna - 0002

# Life Insurance

This Plan will pay as a Life Insurance benefit the amount of Life Insurance in force for you if you die from any cause while insured. You name your beneficiary. You may change your choice at any time.

**A Permanent and Total Disability Feature**

If you become permanently and totally disabled, your insurance may be extended. You will not have to make any further contribution. No premium payments will be required from your Employer.

You are permanently and totally disabled only if disease or injury stops you from working at:

- your own job; or
- any other job for pay or profit;

and it must continue to stop you from working at any reasonable job.

A "reasonable job" is any job for pay or profit which you are, or may reasonably become, fitted for by education, training, or experience.

You must meet all of the following to be eligible:

- Your Life Insurance must be in force when you become permanently and totally disabled.
- You must be under age 60 when you are first permanently and totally disabled.
- Your permanent and total disability must have lasted for at least 9 months.
- You must furnish all proof when requested. Aetna has the right to examine you, at its expense, before approving the proof.

Aetna must receive written notice of claim for this extension at its Home Office within 12 months after you stop active work. Proof of the permanent and total disability must be received no later than 12 months after premium payments stop.

This extended insurance will be the amount you were insured for on the date your total disability began.

This extension period will cease on the first to occur of:

- The date Aetna sends you a request at your last address shown on Aetna's records:

    For an exam, if you do not go for the exam within 31 days of that date.

    For proof that you are still permanently and totally disabled, if proof is not given within 31 days of that date.
- The date you are well enough to work in any reasonable job.
- The date you start to work in any job for pay or profit.
- The date you reach age 70.

After insurance has been extended continuously for 2 years, Aetna will not request an exam or proof more often than once in a 12 month period.

GR-9                                          3

Aetna - 0003

When the extension period stops, you may be eligible to convert to an individual life insurance policy, as described in the "Conversion Privilege" section, as if your employment had ceased. However, if you become eligible for life insurance under any group policy within 31 days after the end of the extension period, the privilege is not allowed.

### Extended Death Benefit

If Aetna received proof, at its Home Office, that all of the following apply, it will pay your beneficiary the amount of Life Insurance which may be extended under the permanent and total disability provision:

- Premium payments for your Life Insurance cease while you are totally disabled by disease or injury which stops you from working in any reasonable job.
- You die during the uninterrupted continuance of the total disability.
- Death occurs no later than 12 months after premium payments from your Employer cease.
- You would have qualified for extended insurance except that:

    your total disability had not lasted at least 9 months; or

    the required proof has not yet been received or approved by Aetna.

Written notice of your death must be given to Aetna at its Home Office within 12 months of your death. If it is not given, Aetna will not have to pay this benefit.

When Aetna approves a claim for any benefit under this feature, the benefit will be in full settlement and satisfaction of Aetna's obligations.

If any individual policy has been issued to you under the Conversion Privilege, your rights under this section may be restored. In order to restore those rights, you must give up all such policies without claim, except for the return of the premiums you paid.

---

**Accelerated Death Benefit**

If, while covered under this Plan for Life Insurance:

- you become terminally ill; or
- your spouse becomes terminally ill;

you may request that Aetna pay an Accelerated Death Benefit (herein called ADB). Upon Aetna's approval of any such request, Aetna will pay to you the amount of ADB; subject to all of the following terms.

A person is terminally ill if the person:

- suffers from an incurable, progressive, and medically recognized disease or condition; and
- to a reasonable medical probability and based on a generally accepted prognostic protocol, will not survive more than the ADB Months beyond the date of the request for an ADB.

GR-9                    4

Aetna - 0004

You may request an ADB on your own behalf or on behalf of your spouse at any time by completing an Aetna Request For Accelerated Death Benefit Form and submitting it to Aetna. The request must include the statement of a currently licensed United States physician that:

- you are terminally ill; or
- your spouse is terminally ill.

The physician's statement must include:

- all medical test results:
- laboratory reports; and
- any other information on which the statement is based, including the generally accepted prognostic protocol used by the physician to determine the person's expected remaining life span.

Your request for an ADB must state the amount of the benefit requested. You may request as an ADB up to the ADB Percentage of the amount of Life Insurance then in force for the person for whom you are making the request; but in no event may the requested amount of ADB be equal to:

- less than the ADB Minimum; or
- more than the ADB Maximum.

You may request an ADB under this Plan:

- only once on your own behalf; and
- only once on behalf of any one spouse.

If, by assignment or otherwise, someone other than you is the owner of your Life Insurance Coverage or the Life Insurance Coverage of your spouse, an ADB will not be available under this Plan for or on behalf of such person.

If, during the ADB Months following the date of your request for an ADB, the amount of your Life Insurance would reduce due to the attainment of a specified age or retirement, the ADB amount will be calculated by multiplying the percentage that you have requested by the amount of Life Insurance that would remain in effect after any reduction.

When your request for an ADB on your own behalf or on behalf of your spouse has been approved, the amount of Life Insurance then in force for such person will be reduced by the amount of ADB. Any person whose amount of Life Insurance has been so reduced, will not be entitled to the Conversion of Life Insurance for the amount of Life Insurance that ceases because of the reduction by the amount of the ADB.

In considering your request for an ADB, Aetna may require you or your spouse, at Aetna's expense, to submit to an independent medical exam by a physician chosen by Aetna. Aetna may suspend its review of a request for an ADB until the exam has been completed and the results submitted to Aetna.

Aetna may refuse your request for an ADB if:

- prior to Aetna's receipt of approval of the request:

  the group contract terminates as to your Eligible Class (even though all or part of your Life Insurance Coverage or the Life Insurance Coverage of your spouse continues for any reason); or

GR-9                                    5

the entire amount of Life Insurance of the person for whom request is made ceases under the group contract for any reason; or
* prior to payment of the ADB, the person for whom request is made dies.

Upon approval by Aetna, the amount of ADB will be paid to you in a lump sum.

To the extent allowed by law:

* any ADB paid to you is exempt from any legal or equitable process for your debts or the debts of your spouse; and
* you will not be required to request an ADB in order to satisfy claims of creditors.

If:

* Aetna has extended your Life Insurance under the terms of the Permanent and Total Disability Feature;
* and you have not previously requested and received an ADB;

you may apply for an ADB. All of the preceding terms of the Accelerated Death Benefit section will apply to any ADB requested while your Life Insurance is being extended under the terms of the Permanent and Total Disability Feature.

## Life Insurance For Your Dependents

An amount of life insurance is payable to you if one of your dependents dies from any cause while insured. If you are not living at the time of payment, it will be made to your executors or administrators. At Aetna's option, it may be paid to your wife or husband.

The following dependents are not eligible:

* Those in full-time active military service.
* Children less than 14 days of age.

## Life Insurance Portability

The terms of this provision apply only to an amount of Life Insurance which is fully contributory (i.e., you pay the total cost) and which:

* for you, is at least $ 5,000;
* for your spouse, is at least $ 1,000; and
* for your dependent child, is at least $ 1,000.

In no event, however, will the terms of this provision apply:

* to you if you are in an Eligible Class for which Life Insurance coverage under the group contract is terminated and replaced by like coverage under another policy;
* to you if you are in an Eligible Class for which coverage under the group contract is terminated because your Employer has gone out of business; and
* to any amount of a person's Life Insurance that has been converted to an individual life policy in accordance with this Plan's Conversion of Life Insurance provision.

Aetna - 0006

This Plan's Conversion of Life Insurance provision does not apply to any amount of a person's Life Insurance for which a person elects coverage under this provision, but may be available for:

- any amount of a person's Life Insurance to which the terms of this provision do not apply;
- any amount of a person's Life Insurance to which the terms of this provision apply, but for which you do not elect coverage under this provision; or
- any amount of a person's Life Insurance in force under this provision that ceases because of age.

### Your Life Insurance

If your Life Insurance coverage ceases because your employment ceases or you are no longer in a class eligible for Life Insurance coverage, you may elect coverage under this provision; provided however, that:

- the amount of your Life Insurance will be determined in accordance with the Amount of Insurance section of this provision;
- on the date of the change to portability status, your age will not exceed the Eligibility Age; and
- on the day your coverage ceases you are not ill or injured and away from work.

### Life Insurance For Your Dependents

If Life Insurance coverage for a dependent ceases because your employment ceases or you are no longer in a class eligible for Dependent Life Insurance, you may elect coverage under this provision for the amount of insurance that is subject to this provision, but only if:

- you elect coverage for yourself under this provision; and
- on the date of the change to portability status, the dependent's age will not exceed the applicable Eligibility Age.

### Eligibility Age

The Eligibility Age is:

- for you, 98;
- for your dependent spouse, 64; and
- for your dependent child, the age which is one year younger than the age at which he or she will cease to meet the Plan's definition of dependent.

### General Information Concerning Portability

In order to elect coverage for a person under this provision, written request must be made and the first premium contribution must be paid within 31 days after insurance ceases. Coverage will become effective at the end of the 31 day period during which election of coverage is possible. Such date is a person's "Portability Date".

All of the terms and conditions of this Plan that apply to Life Insurance coverage apply to coverage continued under this provision except as otherwise stated in this provision.

### Amount of Insurance

The amount of a person's Life Insurance will be limited to the lesser of: the amount of insurance that was in force for the person on the day before his or her eligibility for coverage under this provision; and the amounts shown below:

- $ 500,000 as to you;
- $ 25,000 as to your spouse; and

GR-9                                    7

Aetna - 0007

- $ 5,000 as to your dependent child.

It will not increase; as to coverage for your spouse and dependent child, it will not decrease.

However, as to coverage for you only, you may elect an amount of Life Insurance under this provision that is less than the amount as determined above; provided that:

- the amount is an amount of Life Insurance available under this Plan for your classification;
- such decrease may take effect only on your Portability Date;
- such decreased amount may not be an amount that is less than the amount in force under this provision for your spouse or dependent child; and
- such decreased amount may not be an amount in relation to the amount for your spouse or dependent child that is not permitted by any applicable law.

On the January 1, next following the date you reach age 65, your Life Insurance amount will be reduced by 35%. Thereafter, the amount of your Life Insurance will be reduced by 60% at age 70, and, by 75% at age 75, but not below $ 5,000.

## Permanent and Total Disability Feature
For you only, insurance under this provision may be extended in accordance with the terms of this Plan's Permanent and Total Disability Feature. However:

- You are permanently and totally disabled only if disease or injury stops you from working at any reasonable job, as defined in the Permanent and Total Disability Feature.
- Any insurance extended under this feature will cease on the first anniversary of your Portability Date next following the date you reach age 65.

## Accelerated Death Benefit
In no event will the terms of the Accelerated Death Benefit provision apply to Life Insurance in force under this provision.

## Premium Contributions
The rate of premium contribution will change for any insurance in force for a person under this provision on the person's Portability Date. The rate of premium contribution is subject to another change on the next January 1 and on each January 1 thereafter.

Premium contributions will be paid directly to Aetna and will be subject to a direct billing charge. The amount of the charge may be adjusted by Aetna, but not more than once a year.

## Termination of Coverage
A person's Life Insurance in force under the terms of this provision will cease on the first to occur of:

- The end of a 31 day period following the date the required premium contribution for the coverage is due and not made.
- The date of your death.
- The first anniversary of your Portability Date next following the date you reach age 99.
- As to coverage for your spouse, the first anniversary of his or her Portability Date next following the date your spouse reaches age 65.
- As to coverage for your dependent child, the first anniversary of his or her Portability Date next following the date such person reaches his or her Eligibility Age.

Aetna - 0008

- As to coverage for your spouse or your dependent child, the date such person is no longer a defined dependent.

GR-9                                    9

Aetna - 0009

# Accidental Death and Personal Loss Coverage

This Plan pays a benefit if, while insured, a person suffers a bodily injury caused by an accident; and if, within 365 days after the accident and as a direct result of the injury, he or she loses:

- His or her life.
- A hand, by actual severance at or above the wrist joint.
- A foot, by actual severance at or above the ankle joint.
- An eye, involving irrecoverable and complete loss of sight in the eye.
- His or her speech or hearing; the loss must be total and deemed permanent.
- The thumb and index finger of the same hand, by actual severance of entire digit. Loss of thumb and index finger means complete severance through or above the metacarpophalangeal joint of both digits.

A total loss of speech or hearing will be deemed permanent if the loss has been present for 12 consecutive months, unless an attending physician states otherwise.

Loss of life due to exposure to natural or chemical elements will be deemed to be accidental if the exposure was a direct result of an accident.

If:

- a person disappears as a direct result of the accidental disappearance, wrecking, or sinking of the conveyance in which he or she was an occupant; and
- there is no contrary evidence about the circumstances of the disappearance within one year of the accident;

the disappearance will be deemed an accidental death.

This Plan also pays a benefit if, while insured, a person suffers a bodily injury in an accident and if, within 30 days after the accident and as a direct result of the injury, he or she is stricken with one of the following forms of paralysis:

- Quadriplegia - the entire and irrecoverable paralysis of both upper and lower limbs.
- Paraplegia - the entire and irrecoverable paralysis of both lower limbs.
- Hemiplegia - the entire and irrecoverable paralysis of the upper and lower limbs on one side of the body.
- Uniplegia - the entire and irrecoverable paralysis of one limb.

A limb means the entire arm or leg.

The Principal Sum for loss of a dependent's life is payable to you.

The following dependents are not eligible:

- Those in full-time active military service.
- Those age 65 or over.
- Children less than 14 days of age.

GR-9                                          10

Aetna - 0010

**Benefit**

The full Principal Sum is payable for loss of life.

The full Principal Sum is payable for loss of both hands, both feet, or both eyes.

The full Principal Sum is payable for loss of both hearing and speech.

The full Principal Sum is payable for quadriplegia.

Half the Principal Sum is payable for loss of either hearing or speech.

Half the Principal Sum is payable for loss of a hand, loss of a foot, or loss of an eye.

Half the Principal Sum is payable for paraplegia or for hemiplegia.

One quarter of the Principal Sum is payable for loss of the thumb and index finger of the same hand.

One quarter of the Principal Sum is payable for uniplegia.

No more than the full Principal Sum is payable for all losses listed above resulting from one accident.

**Total Disability Benefit**

If you become totally disabled as defined below because of an accident of the type covered by this benefit section and that disability is continuous from the date of the accident until your death, Aetna will pay your beneficiary the amount of your Principal Sum if all of the following are true:

- You are not able to work at your own job.
- You are not able to work at any other job for pay or profit.
- You are under age 60 at the time of the accident.
- You die while you are insured.

If a death benefit is payable, it will be reduced by any other benefit which is payable under this benefit section because of the same accident.

Written notice of your death must be given to Aetna at its Home Office within 12 months of your death. If it is not given, Aetna will not have to pay this benefit.

**Additional Accidental Death Benefits**

The following benefits will be payable if, while insured, a person suffers a bodily injury caused by an accident and if, within 365 days after the accident, he or she suffers a loss of life solely and as a direct result of the accident.

**Passenger Restraint and Airbag Benefit**

If a covered loss of life occurs solely and as a direct result of an accident involving a **motor vehicle** while the person:

- is an occupant of the **motor vehicle**; and
- at the time of the accident, is properly using a **passenger restraint**; and
- if the driver has, at the time of the accident, a valid driver's license;

GR-9                                          11

a Passenger Restraint Benefit will be payable. If an **airbag** is also activated as a result of the same accident, an Airbag Benefit will be payable if the **motor vehicle's airbag** system is not effective in helping save the person's life it was designed to protect. Verification of the actual use of the **passenger restraint** and activation of the **airbag** system, if applicable, at the time of the loss must be part of an official report of the accident or certified, in writing, by investigating officer(s).

No Airbag Benefit will be payable unless a Passenger Restraint Benefit is paid.

**Education Benefit**

*Education Benefit for Your Dependent Child*
If you or your covered dependent spouse suffer a loss of life solely as a direct result of an accident, an Education Benefit is payable on behalf of each Dependent Child as defined below.

The Education Benefit will be payable in annual installments until the earliest to occur of:

- four years from the date of you or your spouse's death; or
- the date no dependent qualifies as a Dependent Child, as defined below; or
- the date that satisfactory proof of dependent eligibility status is not provided to Aetna within 30 days of a request for it; or
- discontinuance of the group policy.

The first Education Benefit will be paid when:

- you or your covered dependent spouse's Principal Sum becomes payable; and
- Aetna receives written proof that the Dependent Child is attending school on a regular basis.

If you and your covered dependent spouse both suffer a loss of life as a result of the same accident, only one Education Benefit, based on your Principal Sum, is payable.

Education Benefits will be paid on each anniversary of the first Education Benefit, provided Aetna receives written proof that the Dependent Child is attending school on a regular basis.

A Dependent Child means a child who is:

- your biological child; or
- your adopted child; or
- your stepchild; or
- any other child you support that lives with you in a parent-child relationship;

and, for the purposes of this benefit, is an unmarried, full-time student and

- is attending school, up to and including the 12th grade of high school; or
- is under the age of 23, and

    attending college or trade school on a regular basis at the time of you or your spouse's death; or

    enrolls in college or trade school within 365 days of you or your spouse's death.

GR-9                          12

Aetna - 0012

The Education Benefit will be payable to the Dependent Child if that child has attained the age of majority. Otherwise, the Education Benefit will be payable to the guardian of the estate of the minor, or to the Custodian under the Uniform Transfer to Minors Act, or an adult caretaker, when permitted under applicable state law.

*Education Benefit for Your Spouse*

An Education Benefit will be paid to your surviving spouse for costs incurred, as a result of your death, towards employment training if your spouse has enrolled for the purpose of obtaining or supplementing an independent source of income. Written proof of your spouse's enrollment in an employment training program must be received within 365 days of your death.

The Education Benefit will be payable in annual installments until the earliest to occur of:

- four years from the date of your death; or
- the date that satisfactory proof of dependent eligibility status is not provided to Aetna within 30 days of a request for it; or
- discontinuance of the group policy.

The first Education Benefit will be paid when:

- your Principal Sum becomes payable; and
- Aetna receives written proof that your spouse is enrolled in an employment training program.

Education Benefits will be paid on each anniversary of the first Education Benefit provided Aetna receives written proof that your dependent spouse is enrolled in an employment training program.

The Education Benefit will be payable to your surviving spouse, regardless of beneficiary for your Life Insurance amount.

**Child Care Benefit**

If you or your covered dependent spouse suffer a loss of life solely as a direct result of an accident, a Child Care Benefit may be payable with respect to any Dependent Child as defined below. If the Dependent Child is enrolled in a **legally licensed child care center**, the Child Care Benefit is payable in annual installments until the earliest to occur of:

- four years from the date of you or your spouse's death; or
- the date no dependent qualifies as a Dependent Child, as defined below; or
- the date that satisfactory proof of dependent eligibility status is not provided to Aetna within 30 days of a request for it; or
- discontinuance of the group policy.

If you and your covered dependent spouse suffer a loss of life as a result of the same accident, only one Child Care Benefit will be payable based on your Principal Sum.

The first Child Care Benefit will be paid when:

- you or your spouse's Principal Sum becomes payable; and
- Aetna receives written proof that the Dependent Child is enrolled in a **legally licensed child care center.**

GR-9                              13

Aetna - 0013

Child Care Benefits will be paid on each anniversary of the first Child Care Benefit, provided Aetna receives written proof that the Dependent Child is attending a **legally licensed child care center.**

For purposes of this benefit, a Dependent Child means a child who is under age 13 and is enrolled in a **legally licensed child care center** on the date of the accident or subsequently enrolled in a **legally licensed child care center** within 90 calendar days from the date of the accident and is either:

- your biological child; or
- your adopted child; or
- your stepchild; or
- any other child you support who lives with you in a parent-child relationship.

The Child Care Benefit will be payable to the guardian of the estate of the minor, or to the Custodian under the Uniform Transfer to Minors Act, or an adult caretaker, when permitted under applicable state law.

## Limitations

This coverage is only for losses caused by accidents. No benefits are payable for a loss caused or contributed to by:

- A bodily or mental infirmity.
- A disease, ptomaine, or bacterial infection.*
- Medical or surgical treatment.*
- Suicide or attempted suicide (while sane or insane).
- An intentionally self-inflicted injury.
- A war or any act of war (declared or not declared).
- Voluntary inhalation of poisonous gases.
- Commission of or attempt to commit a criminal act.
- Use of alcohol, intoxicants, or drugs, except as prescribed by a physician. An accident in which the blood alcohol level of the operator of a **motor vehicle** meets or exceeds the level at which intoxication would be presumed under the law of the state where the accident occurred shall be deemed to be caused by the use of alcohol.
- Intended or accidental contact with nuclear or atomic energy by explosion and/or release.
- Air or space travel. This does not apply if a person is a passenger, with no duties at all, on an aircraft being used only to carry passengers (with or without cargo).

\* These do not apply if the loss is caused by:

- An infection which results directly from the injury.
- Surgery needed because of the injury.

The injury must not be one which is excluded by the terms of this section.

GR-9                                           14

# Effect Of Benefits Under Other Plans

## Effect of Prior Coverage - Transferred Business

If the coverage of any person under any part of this Plan replaces any prior coverage of the person, the rules below apply to that part.

"Prior coverage" is any plan of group coverage that has been replaced by coverage under part or all of this Plan; it must have been sponsored by your Employer (i.e., transferred business). The replacement can be complete or in part for the Eligible Class to which you belong. Any such plan is prior coverage if provided by another group contract or any benefit section of this Plan.

A person's Life Insurance under this Plan replaces and supersedes any prior life insurance. It will be in exchange for everything under the prior life insurance. If you or your beneficiary become entitled to claim under the prior life insurance, your Life Insurance under this Plan will be canceled. This will be done as of its effective date. Any premiums paid for your Life Insurance under this Plan will be returned to your Employer.

The mode of settlement you chose and the beneficiary you named under a prior Aetna life insurance plan will apply to this Plan. This can be changed according to the terms of this Plan.

Coverage under any other section of this Plan will be in exchange for all privileges and benefits provided under any like prior coverage. Any benefits provided under such prior coverage may reduce benefits payable under this Plan.

The beneficiary you named under a prior Aetna accidental death and dismemberment coverage plan will apply to this Plan. This can be changed according to the terms of this Plan.

GR-9

15

Aetna - 0015

# General Information About Your Coverage

**Termination of Coverage**

Coverage under this Plan terminates at the first to occur of:

- When employment ceases.
- When the group contract terminates as to the coverage.
- When you are no longer in an Eligible Class. (This may apply to all or part of your coverage.)
- When you fail to make any required contribution.

Your Employer will notify Aetna of the date your employment ceases for the purposes of termination of coverage under this Plan. This date will be either the date you cease active work or the day before the next premium due date following the date you cease active work. Your Employer will use the same rule for all employees. If you are not at work on this date due to one of the following, employment may be deemed to continue up to the limits shown below.

If you are not at work due to disease or injury, your employment may be continued until stopped by your Employer, but not beyond 12 months from the start of the absence.

If you are not at work due to temporary lay-off or leave of absence, your employment may continue until stopped by your Employer, but not beyond the end of the policy month after the policy month in which the absence started. The term "policy month" is defined elsewhere in the group contract. See your Employer for this definition.

The Summary of Coverage may show an Eligible Class of retired employees. If you are in that class, your employment may be deemed to continue:

- for any coverage shown in the Retirement Eligibility section; and
- subject to any limits shown in that section.

If no Eligible Class of retired employees is shown, there is no coverage for retired employees.

In figuring when employment will stop for the purposes of termination of any coverage, Aetna will rely upon your Employer to notify Aetna. This can be done by telling Aetna or by stopping premium payments. Your employment may be deemed to continue beyond any limits shown above if Aetna and your Employer so agree in writing.

If you cease active work, ask your Employer if any coverage can be continued.

### Dependents Coverage Only

A dependent's coverage will terminate at the first to occur of:

- Termination of all dependents' coverage under the group contract.
- When a dependent becomes covered as an employee.
- When such person is no longer a defined dependent.
- When your coverage terminates.

Aetna - 0016

**Handicapped Dependent Children**

Life Insurance and Accidental Death and Personal Loss Coverage for your fully handicapped dependent child may be continued past the maximum age for a dependent child. However, such coverage may not be continued if the child has been issued a personal life conversion policy.

Your child is fully handicapped if:

- he or she is not able to earn his or her own living because of mental retardation or a physical handicap which started prior to the date he or she reaches the maximum age for dependent children; and
- he or she depends chiefly on you for support and maintenance.

Proof that your child is fully handicapped must be submitted to Aetna no later than 31 days after the date your child reaches the maximum age.

Coverage will cease on the first to occur of:

- Cessation of the handicap.
- Failure to give proof that the handicap continues.
- Failure to have any required exam.
- Termination of Dependent Coverage as to your child for any reason other than reaching the maximum age.

Aetna will have the right to require proof of the continuation of the handicap. Aetna also has the right to examine your child as often as needed while the handicap continues at its own expense. An exam will not be required more often than once each year after 2 years from the date your child reached the maximum age.

**Special Continuation of Life Insurance**

The terms of this provision apply only to a person's Life Insurance which would cease because your employment is terminated involuntarily and without cause. Coverage which ceases under these conditions may be either converted to an individual policy in accordance with this Plan's Life Insurance Conversion Privilege or continued in accordance with the terms below.

In no event will the terms of this provision apply:

- to any employee whose employment with the Employer terminates due to retirement or voluntary termination;
- to any employee who has been covered under the group policy for less than one year;
- to any employee or dependent whose Life Insurance coverage has been converted to an individual policy in accordance with this Plan's Life Insurance Conversion Privilege.

### Your Life Insurance

If your Life Insurance would cease because your employment is terminated involuntarily and without cause, your Life Insurance may be continued under this provision; provided that:

- you have not reached age 60 on the date your employment terminated; and
- your Life Insurance has not been converted in accordance with this Plan's Life Insurance Conversion Privilege.

GR-9                                    17

Aetna - 0017

### Your Dependents' Life Insurance

If your Dependents' Life Insurance would cease because your employment is terminated involuntarily and without cause, your Dependents' Life Insurance may be continued under this provision; provided that:

- on the date your employment terminated, your spouse or child meets the definition of a dependent; and
- the Dependent's Life Insurance has not been converted in accordance with this Plan's Life Insurance Conversion Privilege.

### Life Continuation Period

Life Insurance coverage for you and any of your dependents will be continued, at no cost to you:

- for a Life Continuation Period equal to one month for each year that you have been covered under the group policy, not to exceed 3 months; and
- for the amount of Life Insurance that was in effect on the date your employment ceased.

Your Life Insurance will be subject to the Age Reduction Rules of this Plan.

Written certification that your employment terminated involuntarily and without cause may be required.

### Termination of Coverage

A person's Life Insurance continued under the terms of this provision will cease on the first to occur of:

For you:

- The date the group policy terminates as to Life Insurance coverage for the Eligible Class of which you were a member on the day before your employment terminated.
- The end of the Life Continuation Period.
- The date of your death.
- The date you reach age 60.

For your dependents:

- The date the group policy terminates as to Life Insurance coverage for dependents.
- As to coverage for your spouse, the date your spouse reaches age 60.
- The date your spouse or child no longer meets the definition of a dependent.
- The end of the Life Continuation Period.

A person's Life Insurance which ceases under the terms of this provision may be:

- converted in accordance with this Plan's Life Insurance Conversion Privilege; or
- ported in accordance with this Plan's Life Insurance Portability Provision.

---

**Conversion of Life Insurance**

*Your Life Insurance*

If any of your Life Insurance ceases because your employment ceases or you are no longer in a class eligible for such insurance, or because of age, pension or retirement, the amount of insurance which ceases (or a lesser amount if desired) may be converted to an individual life insurance policy.

GR-9                          18

Aetna - 0018

Your converted policy may be any kind of individual policy then customarily being issued by Aetna for the amount being converted and for your age (nearest birthday) on the date it will be issued, except a term policy or one with disability or other supplementary benefits.

### Your Dependents' Life Insurance

If any of your Dependents' Life Insurance ceases because:

- your employment ceases;
- you are no longer in a class eligible for such insurance;
- the dependent ceases to be a dependent;
- of a reduction in the dependent's life insurance for any reason; or
- you die;

the amount of insurance which ceases for each dependent (or lesser amounts, if desired) may be converted to individual life insurance policies.

Your dependent's converted policy may be on any one of the level premium or whole life or endowment policy forms, providing a level amount of insurance, then customarily being issued by Aetna for the amount being converted and for the age (nearest birthday) of the dependent to whom it will be issued.

### General Information Concerning The Conversion Privilege

When Life Insurance ceases because that part of the group contract discontinues as to your employee class, and insurance on the life of the person has been in force under the group contract for at least 5 years in a row prior to such discontinuance, the amount that ceases less the amount of any group life insurance for which the person becomes eligible within 31 days of discontinuance may be converted to an individual policy. The maximum amount that can be converted by each person in any event is $ 10,000.

In order to convert, written application must be made for an individual policy and the first premium must be paid on it within 31 days after cessation of insurance for any of the above reasons.

No evidence of insurability will be required.

The individual policy will become effective at the end of the 31 day period during which conversion is possible.

The premiums for the converted policy will be at Aetna's then customary rates for the same policy issued to any other person of the same class of risk and age at the time the converted policy is to become effective.

After an individual policy becomes effective for any person, that policy will be in exchange for all benefits and privileges under the group contract as regards the person involved and the amount that could have been converted.

However, for insurance on your life, if it is later determined that you were totally disabled at the time premium payments for your Life Insurance ceased, you may be entitled to certain rights described in the Life Insurance Benefits section.

**Life Insurance After Termination**

In most cases a person can apply for an individual policy under the Conversion Privilege within 31 days after his or her Life Insurance ceases. If a person dies during this 31 days and before the individual policy goes into effect, the amount payable under the group

Aetna - 0019

contract is limited to the maximum that could have been converted. This limit applies even if he or she has not applied for or paid the first premium on the individual policy.

## Legal Action (Does not apply to Life Insurance)

No legal action can be brought to recover under any benefit after 3 years from the deadline for filing claims.

Aetna will not try to reduce or deny a benefit payment on the grounds that a condition existed before a person's coverage went into effect, if the loss occurs more than 2 years from the date coverage commenced. This will not apply to conditions excluded from coverage on the date of the loss.

## Additional Provisions

The following additional provisions apply to your coverage:

- You cannot receive multiple coverage under this Plan because you are connected with more than one Employer.
- In the event of a misstatement of any fact affecting your coverage under this Plan, the true facts will be used to determine the coverage in force.

This document describes the main features of this Plan. Additional provisions are described elsewhere in the group contract. If you have any questions about the terms of this Plan or about the proper payment of benefits, you may obtain more information from your Employer who may direct you to a local Aetna office. Otherwise, you may write to the following address:

Aetna Life Insurance Company
151 Farmington Avenue
Hartford, Connecticut 06156
Attention: Law Department, State Government Affairs, RW4A

Your Employer hopes to continue this Plan indefinitely but, as with all group plans, this Plan may be changed or discontinued with respect to all or any class of employees.

## Assignments

Life Insurance may not be assigned. All other coverage may be assigned only with the written consent of Aetna.

## Claims of Creditors

If allowed by law, Life Insurance and Accidental Death and Personal Loss Coverage benefits are exempt from legal or equitable process for your debts. This also applies to the debts of your beneficiary.

## Beneficiaries

You may name or change your beneficiary by filing written request at your Employer's headquarters or at Aetna's Home Office. Ask your Employer for the forms. The naming or any change will take effect as of the date you execute the request. Aetna will be fully discharged of its duties as to any payment made by it before your request is received at its Home Office.

GR-9                                    20

Any amount payable to a beneficiary will be paid to those you name. Unless you state to the contrary, if more than one beneficiary is named, they will share on equal terms.

If a named beneficiary dies before you, his or her share will be payable in equal shares to any other named beneficiaries who survive you.

If no named beneficiary survives you or if no beneficiary has been named, payment will be made as follows to those who survive you:

- Your spouse, if any.
- If there is no spouse, in equal shares to your children.
- If there is no spouse or child, to your parents, equally or to the survivor.
- If there is no spouse, child or parent, in equal shares to your brothers and sisters.
- If none of the above survives, to your executors or administrators.

## Reporting of Claims

A claim must be submitted to Aetna in writing. It must give proof of the nature and extent of the loss. Your Employer has claim forms.

All claims should be reported promptly. The deadline for filing a claim for any benefits is 90 days after the date of the loss causing the claim. The deadline does not apply to Life Insurance.

If, through no fault of your own, you are not able to meet the deadline for filing claim, your claim will still be accepted if you file as soon as possible. Unless you are legally incapacitated, late claims will not be covered if they are filed more than one year after the deadline.

## Payment of Benefits

Benefits will be paid as soon as the necessary written proof to support the claim is received. Any death benefit for your loss of life will be paid in accordance with the beneficiary designation. Payment will be made in one sum unless you have elected an installment method which has been agreed to by Aetna. If you do not do so prior to your death, your beneficiary has this right before any payment is made. The methods of settlement allowed will be those offered by Aetna under the individual life insurance policies Aetna is issuing when the election is made.

All other benefits are payable to you.

Any unpaid balance will be paid within 15 days of receipt by Aetna of the due written proof. If the claim has not been paid, or has not been denied for valid and proper reasons, by the end of the 15 day period, Aetna will pay the insured or claimant interest on accrued benefits at the rate of 18 percent per annum on the amount of the claim, until the claim is settled. This paragraph does not apply to Life Insurance.

If you or your beneficiary is a minor or, in Aetna's opinion, legally unable to give a valid release for payment of any Life Insurance benefit, Aetna may elect to pay as follows:

Monthly payments of not over $ 100 the first month and $ 50 a month thereafter to the person who, in Aetna's opinion, is caring for and supporting you or your beneficiary.

Aetna may pay up to $ 1,000 of any other benefit to any of your relatives whom it believes fairly entitled to it. This can be done if the benefit is payable to you and you are a minor

GR-9                              21

or not able to give a valid release. It can also be done if a benefit is payable to your estate.

Aetna - 0022

# Glossary

The following definitions of certain words and phrases will help you understand the benefits to which the definitions apply. Some definitions which apply only to a specific benefit appear in the benefit section. If a definition appears in a benefit section and also appears in the Glossary, the definition in the benefit section will apply in lieu of the definition in the Glossary.

### Airbag

An airbag is:

- an unaltered airbag installed by the manufacturer of the **motor vehicle**; or
- an airbag:

    provided by the manufacturer of the **motor vehicle**; and

    installed by an authorized **motor vehicle** dealer.

### Legally Licensed Child Care Center

This is a facility which is duly licensed, certified, or accredited by the jurisdiction in which it is located to provide child care and is operating in compliance with applicable laws and regulations of the jurisdiction.

### Motor Vehicle

This is a vehicle that is a registered and licensed vehicle and is:

- a passenger land vehicle of pleasure design which includes autos, vans, four-wheel drive vehicles, and self-propelled motor homes; or
- a truck of commercial design.

For purposes of the **Passenger Restraint** and **Airbag** Benefit only, the following will not be considered to be a motor vehicle:

- a motor vehicle which has been altered and no longer meets the licensing and registration requirements; or
- a motorcycle; or
- an "ATV" All Terrain Vehicle; or
- a military vehicle; or
- a vehicle while being used for farming or racing or any other type of competitive event.

Aetna - 0023

**Passenger Restraint**

This is a restraint that is:

- an unaltered seat belt or lap and shoulder restraint installed by the manufacturer of the **motor vehicle**; or
- a seat belt or lap and shoulder restraint;

  provided by the manufacturer of the **motor vehicle**; and

  installed by an authorized **motor vehicle** dealer; and
- any child restraint device which is properly secured in the **motor vehicle** and meets the definition of the law of the state in which the **motor vehicle** is licensed and registered.

Aetna - 0024

**Confidentiality Notice**

Aetna considers personal information to be confidential and has policies and procedures in place to protect it against unlawful use and disclosure. By "personal information," we mean information that relates to a member's physical or mental health or condition, the provision of health care to the member, or payment for the provision of health care or disability or life benefits to the member. Personal information does not include publicly available information or information that is available or reported in a summarized or aggregate fashion but does not identify the member.

When necessary or appropriate for your care or treatment, the operation of our health, disability or life insurance plans, or other related activities, we use personal information internally, share it with our affiliates, and disclose it to health care providers (doctors, dentists, pharmacies, hospitals and other caregivers), payors (health care provider organizations, employers who sponsor self-funded health plans or who share responsibility for the payment of benefits, and others who may be financially responsible for payment for the services or benefits you receive under your plan), other insurers, third party administrators, vendors, consultants, government authorities, and their respective agents. These parties are required to keep personal information confidential as provided by applicable law. In our health plans, participating network providers are also required to give you access to your medical records within a reasonable amount of time after you make a request.

Some of the ways in which personal information is used include claim payment; utilization review and management; medical necessity reviews; coordination of care and benefits; preventive health, early detection, vocational rehabilitation and disease and case management; quality assessment and improvement activities; auditing and anti-fraud activities; performance measurement and outcomes assessment; health, disability and life claims analysis and reporting; health services, disability and life research; data and information systems management; compliance with legal and regulatory requirements; formulary management; litigation proceedings; transfer of policies or contracts to and from other insurers, HMOs and third party administrators; underwriting activities; and due diligence activities in connection with the purchase or sale of some or all of our business. We consider these activities key for the operation of our health, disability and life plans. To the extent permitted by law, we use and disclose personal information as provided above without member consent. However, we recognize that many members do not want to receive unsolicited marketing materials unrelated to their health, disability and life benefits. We do not disclose personal information for these marketing purposes unless the member consents. We also have policies addressing circumstances in which members are unable to give consent.

To obtain a copy of our Notice of Privacy Practices, which describes in greater detail our practices concerning use and disclosure of personal information, please call the toll-free Member Services number on your ID card or visit our Internet site at www.aetna.com.

**Continuation of Coverage During an Approved Leave of Absence Granted to Comply With Federal Law**

This continuation of coverage section applies only for the period of any approved family or medical leave (approved FMLA leave) required by Family and Medical Leave Act of 1993 (FMLA). If your Employer grants you an approved FMLA leave for a period in excess of the period required by FMLA, any continuation of coverage during that excess period will be subject to prior written agreement between Aetna and your Employer.

If your Employer grants you an approved FMLA leave in accordance with FMLA, your Employer may allow you to continue coverage for which you are covered under the group contract on the day before the approved FMLA leave starts. This includes coverage for your eligible dependents.

At the time you request the leave, you must agree to make any contributions required by your Employer to continue coverage. Your Employer must continue to make premium payments.

If any coverage your Employer allows you to continue has reduction rules applicable by reason of age or retirement, the coverage will be subject to such rules while you are on FMLA leave.

Coverage will not be continued beyond the first to occur of:

- The date you are required to make any contribution and you fail to do so.
- The date your Employer determines your approved FMLA leave is terminated.
- The date the coverage involved discontinues as to your eligible class.

Any coverage being continued for a dependent will not be continued beyond the date it would otherwise terminate.

If the group contract provides continuation of coverage (for example, upon termination of employment), you (or your eligible dependents) may be eligible for such continuation on the date your Employer determines your approved FMLA leave is terminated or the date of the event for which the continuation is available.

If you acquire a new dependent while your coverage is continued during an approved FMLA leave, the dependent will be eligible for the continued coverage on the same terms as would be applicable if you were actively at work, not on an approved FMLA leave.

If you return to work for your Employer following the date your Employer determines the approved FMLA leave is terminated, your coverage under the group contract will be in force as though you had continued in active employment rather than going on an approved FMLA leave provided you make request for such coverage within 31 days of the date your Employer determines the approved FMLA leave to be terminated. If you do not make such request within 31 days, coverage will again be effective under the group contract only if and when Aetna gives its written consent.

If any coverage being continued terminates because your Employer determines the approved FMLA leave is terminated, any Conversion Privilege will be available on the same terms as though your employment had terminated on the date your Employer determines the approved FMLA leave is terminated.

# Summary of Coverage

### IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights, or complaints at:

1-800-252-3439

You may write the Texas Department of Insurance at:

Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX No. (512) 475-1771

**Premium or Claim Disputes:**
Should you have a dispute concerning your premium or about a claim you should contact Aetna first. If the dispute is not resolved you may contact the Texas Department of Insurance.

**Notice:**
This notice is for information only and does not become a part or condition of your Certificate.

### AVISO IMPORTANTE

Para obtener información o para someter una queja:
Puede comunicarse con el Departamento de Seguros de Texas para obtener información acerca de compañías, coberturas, derechos, o quejas llamando al:

1-800-252-3439

Puede escribir al Departamento de Seguros de Texas:

Texas Department of Insurance
P.O. Box 149104
Austin, TX 78714-9104
FAX No. (512) 475-1771

**Disputas Sobre Primas o Reclamaciones:**
Si surge una disputa concerniente a su prima o a una reclamación, debe comunicarse con Aetna primero. Si no se resuelve la disputa puede comunicarse con el Departamento de Seguros de Texas.

**Aviso:**
Este aviso es sólo para propósito de información y no se convierte en una parte o condición de su Folleto.

THE GROUP CONTRACT UNDER WHICH THIS BOOKLET-CERTIFICATE IS ISSUED IS NOT A POLICY OF WORKER'S COMPENSATION INSURANCE. YOU SHOULD CONSULT YOUR EMPLOYER TO DETERMINE WHETHER YOUR EMPLOYER IS A SUBSCRIBER TO THE WORKER'S COMPENSATION SYSTEM.

The above notice is provided pursuant to the Texas Insurance Code which requires that this notice be provided to Texas residents.

GR-9                0030-0120                1

Aetna - 0027

| | |
|---|---|
| **Employer:** | AmeriCold Logistics LLC |
| **Group Policy:** | GP-698404-A |
| **SOC:** | 2B: Non-Union Hourly – Life/AD&PL |
| **Issue Date:** | October 8, 2003 |
| **Effective Date:** | January 1, 2003 |

**The following notice is provided pursuant to the Texas Insurance Code which requires that this notice be provided to Texas residents.**

Death benefits will be reduced if an accelerated death benefit is paid.

At the time an accelerated death benefit is paid, a statement will be sent to you specifying the amount of benefits paid, the effect of the benefit on other certificate benefits, future charges and premiums.

The Accelerated Death Benefits (ADB) offered under this certificate are intended to qualify for favorable tax treatment under the Internal Revenue Code of 1986. If the ADB qualify for such favorable tax treatment, the benefits will be excludable from your income and not subject to federal taxation. Tax laws relating to ADB are complex. You are advised to consult with a qualified tax advisor about circumstances under which you could receive ADB excludable from income under federal law.

The benefits shown in this Summary of Coverage are available for you and your eligible dependents.

# Eligibility

**Employees**

You are in an Eligible Class if you are a regular full-time Non-Union Hourly employee working at least 30 hours per week.

Your Eligibility Date, if you are then in an Eligible Class, is the Effective Date of this Plan. Otherwise, it is the first day of the calendar month coinciding with or next following the date you complete a probationary period of 1 month of continuous service for your Employer or, if later, the date you enter the Eligible Class.

Aetna - 0028

**Dependents**

Covered dependents include:

- Your legal spouse of the opposite sex, but NOT if you are legally separated.

- Your common-law spouse, but ONLY if you reside in a state which recognizes common-law marriage, and the Company determines that your relationship fulfills the legal requirements for common-law marriage. This decision will be based upon your answers to questions on a common-law questionnaire and supporting documentation.

- Your dependent children. Dependent children are your biological children, adopted children or children placed with you for adoption. To be covered, dependent children must be over 14 days but under 19 years of age, must be unmarried, and must be claimed as a dependent on your federal income tax return.

- Stepchildren. To be covered, stepchildren must be over 14 days but under 19 years of age, must be unmarried, must live with you, must be born to or legally adopted by your legal or common-law spouse (as defined above) and must be claimed as an exemption on your federal income tax return.

- Foster children. To be covered, foster children must be over 14 days but under 19 years of age, must be unmarried, must live with you, and must be claimed as an exemption on your federal income tax return. Further, you must have legal custody of the foster child.

- The above unmarried dependent children, stepchildren or foster children between ages 19 and 25, if they were covered prior to age 19, are now a full-time student, attend an accredited school or university, are still primarily dependent on you for support, and if you continue to claim them as an exemption on your federal income tax return.

- The above unmarried dependent children, stepchildren or foster children of any age, who are unable to support themselves due to mental or physical disability, if they were covered prior to age 19, live with you, and are claimed as an exemption on your federal income tax return. (Please refer to the section in your Booklet entitled "Handicapped Dependent Children".)

- Grandchildren. Grandchildren may be covered if both the grandchild and the grandchild's parent reside with you, if the grandchild is claimed as an exemption on your federal income tax return, and if the dependent child who is the parent continues to meet the above eligibility requirements for dependent children. If the dependent child who is the parent ceases to be an eligible dependent, the grandchild will continue to be an eligible dependent ONLY if the grandchild continues to reside with you, continues to be claimed as an exemption on your federal income tax return, and if you obtain legal guardianship of the grandchild.

No person may be covered both as an employee and dependent and no person may be covered as a dependent of more than one employee.

Aetna - 0029

# Enrollment Procedure

You will get a form to fill out. This form will allow your Employer to deduct your contributions from your pay. Be sure to sign and return it within 31 days of your eligibility.

Your contributions toward the cost of this coverage will be deducted from your pay and are subject to change. The rate of any required contributions will be determined by your Employer. See your Employer for details. When any of your Life Insurance or Accidental Death and Personal Loss coverage is reduced because of age, the rate of contribution per $ 1,000 of these coverages will not be increased thereafter.

# Effective Date of Coverage

**Employees**

Your coverage will take effect on your Eligibility Date.

If you don't sign and return your form within 31 days of your Eligibility Date, any contributory coverage will not take effect until you submit evidence of good health that is acceptable to Aetna.

*Active Work Rule*: If you happen to be ill or injured and away from work on the date your coverage would take effect, the coverage will not take effect until you return to full-time work for one full day. This rule also applies to an increase in your coverage.

**Dependents**

Coverage for your dependents will take effect on the date yours takes effect if, by then, you have enrolled for dependent coverage. You should report any new dependents. within 31 days of the dependent's eligibility date. If you do not do so, evidence of his or her good health that is acceptable to Aetna will be required. Adding dependents to your plan may affect your contributions.

GR-9              0030-0120                    4

Aetna - 0030

# Life Insurance

## Schedule of Life Insurance

**Employees**

**Basic Schedule**
**Classification**
All Employees

**Amount**
$ 20,000

**Supplemental Schedule**
**Classification**
All Employees

**Amount – Option 1**
100% of your basic annual earnings, as
determined by your Employer, rounded to
the next higher $ 1,000, if not an integral
multiple of $ 1,000.
Maximum:     $ 1,000,000
Minimum:     $ 20,000

**Amount – Option 2**
200% of your basic annual earnings, as
determined by your Employer, rounded to
the next higher $ 1,000, if not an integral
multiple of $ 1,000.
Maximum:     $ 1,000,000
Minimum:     $ 20,000

**Amount – Option 3**
300% of your basic annual earnings, as
determined by your Employer, rounded to
the next higher $ 1,000, if not an integral
multiple of $ 1,000.
Maximum:     $ 1,000,000
Minimum:     $ 20,000

You may elect coverage under any one of the available options shown above for
Supplemental Life Insurance. Once you have made a selection, if you wish to choose a
different option, your Employer will provide you with information on when and how you
can make that change.

### Evidence Requirements
You can become insured for an amount of Supplemental Life Insurance in excess of
$ 250,000 only if you submit evidence of good health to Aetna and such evidence is
approved by Aetna.

If, while insured, you first become eligible for an amount of Supplemental Life Insurance
over $ 250,000, you can become insured for an amount of Supplemental Life Insurance in
excess of $ 250,000 only if you submit evidence of good health to Aetna and such
evidence is approved by Aetna.

GR-9                    0030-0120                    5

Aetna - 0031

If, while insured, you elect to increase your Supplemental Life Insurance over $ 250,000 or by more than one level or multiple of your basic annual earnings, you can become insured for the new amount only if you submit evidence of good health to Aetna and such evidence is approved by Aetna.  This applies even if Aetna has approved evidence of your good health in the past.

### Age Reduction Rule

Your Life Insurance amount in force on the day before the first day of the month in which you reach age 65 will be reduced by:  35% at age 65; 60% at age 70; 75% at age 75.  The reduction will take effect on the first day of the calendar month in which you reach the age specified.

If you become insured during or after the month in which you reach the above ages, your amount of Life Insurance will be the applicable percentage of the amount shown for your classification.

| **Dependents** | **Schedule** | |
|---|---|---|
| | **Classification** | **Amount** |
| | Wife or husband | Any even multiple of $10,000, however, the amount of insurance cannot exceed $ 100,000 nor be less than $ 10,000* |
| | Unmarried child, age 14 days or more | Option 1: $ 2,000 |
| | | Option 2: $ 5,000 |
| | | Option 3: $ 10,000 |

* but not more than 50% of the amount of your Life Insurance under this Plan.

### Evidence Requirements

If:

- you request Life Insurance coverage for a dependent spouse within 31 days of the date you are eligible for coverage with respect to that dependent; and
- you are eligible for an amount of Life Insurance for that dependent spouse over $ 30,000;

you can become insured with respect to that dependent spouse for an amount in excess of $ 30,000 only if you submit evidence of that dependent's good health to Aetna and such evidence is approved by Aetna.

If you request Life Insurance coverage for a dependent more than 31 days after the date you are eligible for coverage with respect to that dependent, you can become insured with respect to that dependent only if you submit evidence of that dependent's good health to Aetna and such evidence is approved by Aetna.

If, while insured with respect to a dependent spouse, you first become eligible for an amount of Life Insurance for that dependent spouse over $ 30,000, you can become insured with respect to that dependent spouse for an amount in excess of $ 30,000, only if

Aetna - 0032

you submit evidence of that dependent spouse's good health to Aetna and such
evidence is approved by Aetna.

# Accelerated Death Benefit

**Employees and Dependent
Spouses**

| | | |
|---|---|---|
| ADB Months: | 12 | |
| ADB Percentage: | 50% | |
| ADB Minimum: | $ 5,000 | |
| ADB Maximum: | $ 300,000 | |

Aetna - 0033

# Accidental Death and Personal Loss Coverage

## Schedule of Accidental Death and Personal Loss Coverage

**Employees**

**Basic Schedule**

| Classification | Principal Sum |
|---|---|
| All Employees | $ 20,000 |

**Supplemental Schedule**

**Classification**
All Employees

**Principal Sum**
Any even multiple of $10,000, however, the amount of insurance cannot exceed $ 300,000 nor be less than $ 10,000.

**Age Reduction Rule**

Your Accidental Death and Personal Loss Coverage amount in force on the day before the first day of the month in which you reach age 65 will be reduced by: 35% at age 65; 60% at age 70; 75% at age 75. The reduction will take effect on the first day of the calendar month in which you reach the age specified.

If you become insured during or after the month in which you reach the above ages, your amount of Accidental Death and Personal Loss Principal Sum will be the applicable percentage of the amount shown for your classification.

Aetna - 0034

| Dependents | **Schedule** | |
| --- | --- | --- |
| | **Classification** | **Principal Sum** |
| | Wife or husband | |
| |   Without dependent child | 60% of your Principal Sum<br>Maximum:  $ 180,000<br>Minimum:  $ 6,000 |
| |   With dependent child* | 50% of your Principal Sum for wife or husband; 10% of your Principal Sum for dependent child<br>Maximum:  $ 150,000<br>Minimum:  $ 5,000 |
| |   Each dependent child* | 15% of your Principal Sum<br>Maximum:  $ 45,000<br>Minimum:  $ 1,500 |

\* Age 14 days or older

# Additional Accidental Death Benefit Maximums

| Employees and Dependents | Passenger Restraint Benefit Maximum | |
| --- | --- | --- |
| |   for you | $ 10,000 |
| |   for each covered dependent | The lesser of $ 10,000 and your covered dependent's Principal Sum |
| | Airbag Benefit Maximum | One half of a person's Passenger Restraint Benefit |
| | Child Care Benefit Maximum | |
| |   for each child | 3% of your Principal Sum not to exceed $ 2,000 per year per child |
| | Education Benefit Maximum | |
| |   for each dependent child | 2.5% of your Principal Sum not to exceed $ 2,500 |
| |   for your spouse | 2.5% of your Principal Sum not to exceed $ 2,500 |

Aetna - 0035

## Adjustment Rule

If, for any reason, a person is entitled to a different amount of coverage, coverage will be adjusted as provided elsewhere in the group contract, except that an increase is subject to any Active Work Rule described in Effective Date of Coverage section of this Summary of Coverage.

Benefits for claims incurred after the date the adjustment becomes effective are payable in accordance with the revised plan provisions. In other words, there are no vested rights to benefits based upon provisions of this Plan in effect prior to the date of any adjustment.

## General

This Summary of Coverage replaces any Summary of Coverage previously in effect under the group contract. Requests for amounts of coverage other than those to which you are entitled in accordance with this Summary of Coverage cannot be accepted.

The insurance described in this Booklet-Certificate will be provided under Aetna Life Insurance Company policy form GR-29.

**KEEP THIS SUMMARY OF COVERAGE
WITH YOUR BOOKLET-CERTIFICATE**

GR-9          0030-0120          10

**THE BENEFITS OF THE POLICY PROVIDING YOUR
COVERAGE ARE GOVERNED PRIMARILY BY THE LAW OF
A STATE OTHER THAN FLORIDA**

# Additional Information Provided by

# AmeriCold Logistics LLC

The following information is provided to you in accordance with the Employee Retirement Income Security Act of 1974 (ERISA). It is not a part of your booklet-certificate. Your Plan Administrator has determined that this information together with the information contained in your booklet-certificate is the Summary Plan Description required by ERISA.

In furnishing this information, Aetna is acting on behalf of your Plan Administrator who remains responsible for complying with the ERISA reporting rules and regulations on a timely and accurate basis.

**Employer Identification Number:**
22-3631006

**Plan Number:**
514

**Type of Plan:**
Life Insurance and Accidental Death & Personal Loss Coverage

**Type of Administration:**
Group Insurance Policy with:
    Aetna Life Insurance Company
    151 Farmington Avenue
    Hartford, CT 06156.

**Plan Administrator:**
AmeriCold Logistics LLC
10 Glenlake Parkway, Suite 800
Atlanta, GA 30328

**Agent For Service of Legal Process:**
Schnader, Harrison, Segal and Lewis
1600 Market Street, Suite 3600
Philadelphia., PA 19103-4252

**End of Plan Year:**
December 31

**Source of Contributions:**
Both the Employer and Employee pay a proportionate share of the contributions depending upon the employee's election for coverage.

**Type of Participants Covered Under the Plan:**
All active full-time employees of AmeriCold Logistics LLC provided they meet the eligibility requirements for coverage.

### Procedure for Amending the Plan

The Employer may amend the Plan from time to time by a written amendment signed by the Company Compensation Committee.

**Claim Procedures**

Your booklet-certificate contains information on reporting claims. Claim forms may be obtained at your place of employment. These forms tell you how and when to file a claim.

**Note: If applicable state law requires the Plan to take action on a claim or appeal within a shorter timeframe, the shorter period will apply.**

You may file claims for Plan benefits, and appeal adverse claim decisions, either yourself or through an authorized representative.

An "authorized representative" means your legal spouse or adult child, or a person you authorize, in writing, to act on your behalf. In addition, the Plan will recognize a court order giving a person authority to submit claims on your behalf.

### Filing Life Claims under the Plan

You will be notified of an adverse benefit determination not later than 90 days after the Plan's receipt of the claim. This time period may be extended up to an additional 90 days due to special circumstances. In that case, you will be notified of the extension before the end of the initial 90-day period. Notice of the extension will explain the special circumstances requiring the extension and the date by which a decision is expected.

### Filing Premium Waiver, DBO or DBO-AID Claims under the Plan

You will be notified of an adverse benefit determination not later than 45 days after the Plan's receipt of the claim. This time period may be extended up to an additional 30 days due to circumstances outside the Plan's control. In that case, you will be notified of the extension before the end of the initial 45-day period. If a decision cannot be made within this 30 day extension period due to circumstances outside the Plan's control, the time period may be extended up to an additional 30 days, in which case you will be notified before the end of the first 30 day extension period. Notice of the extension will explain the special circumstances requiring the extension and the date by which a decision is expected.

If your claim is denied in whole or in part, you will receive a written notice of the denial from Aetna Life Insurance Company. The notice will explain the reason for the denial and the review procedure.

**Filing an Appeal of an Adverse Benefit Determination**

### Life Claims

You may request a review of the denied claim. You will have 60 days following receipt of an adverse benefit decision to appeal the decision. The request must be submitted, in writing, and include your reasons for requesting the review. Submit your request to the office of the Aetna Life Insurance Company to which you submitted your initial request for benefit payment. You will be notified of the decision not later than 60 days after the appeal is received. If an extension of time for processing the appeal is needed, the time period may be extended up to an additional 60 days, in which case you will be notified prior to the end of the first 60 day period. The notice will indicate the special circumstances requiring an extension and the date by which a decision is expected.

### Premium Waiver, DBO or DBO-AID Claims

You may request a review of the denied claim. You will have 180 days following receipt of

an adverse benefit decision to appeal the decision. The request must be submitted, in writing, and include your reasons for requesting the review. Submit your request to the office of the Aetna Life Insurance Company to which you submitted your initial request for benefit payment. You will be notified of the decision not later than 45 days after the appeal is received. If an extension of time for processing the appeal is needed, the time period may be extended up to an additional 45 days, in which case you will be notified prior to the end of the first 45 day period. The notice will indicate the special circumstances requiring an extension and the date by which a decision is expected.

You may submit written comments, documents, records and other information relating to your claim, whether or not the comments, records or information were submitted in connection with the initial claim. You may also request that the Plan provide you, free of charge, copies of all documents, records, and other information relevant to the claim.

## ERISA Rights

As a participant in the group insurance plan you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974. ERISA provides that all plan participants shall be entitled to:

### Receive Information about Your Plan and Benefits

Examine, without charge, at the Plan Administrator's office and at other specified locations, such as worksites and union halls, all documents governing the Plan, including insurance contracts, collective bargaining agreements, and a copy of the latest annual report (Form 5500 Series) that is filed by the Plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Pension and Welfare Benefit Administration.

Obtain, upon written request to the Plan Administrator, copies of documents governing the operation of the Plan, including insurance contracts, collective bargaining agreements, and copies of the latest annual report (Form 5500 Series), and an updated Summary Plan Description. The Administrator may make a reasonable charge for the copies.

Receive a summary of the Plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

Receive a copy of the procedures used by the Plan for determining a qualified domestic relations order (QDRO) or a qualified medical child support order (QMCSO).

### Prudent Actions by Plan Fiduciaries

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your Plan, called "fiduciaries" of the Plan, have a duty to do so prudently and in your interest and that of other plan participants and beneficiaries. No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

## Enforce Your Rights

If your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA there are steps you can take to enforce the above rights. For instance, if you request materials from the Plan and do not receive them within 30 days you may file suit in a federal court. In such a case, the court may require the Plan Administrator to

provide the materials and pay up to $ 110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the Administrator.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. In addition, if you disagree with the Plan's decision or lack thereof concerning the status of a domestic relations order or a medical child support order, you may file suit in a federal court.

If it should happen that plan fiduciaries misuse the Plan's money or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

**Assistance with Your Questions**

If you have any questions about your Plan, you should contact the Plan Administrator.

If you have any questions about this statement or about your rights under ERISA, you should contact:

- the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory; or
- the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue, N.W., Washington D.C. 20210.

You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Pension and Welfare Benefits Administration.

# EXHIBIT "B"

# ALABAMA
## CERTIFICATE OF DEATH

State File Number **101**

TYPE IN PERMANENT BLACK INK. DO NOT USE GREEN, RED, OR BLUE INK.

County File Number

| 1. DECEASED—NAME: First / Middle / Last (Type last name in capitals) | 2. DATE OF DEATH (Month, Day, Year) | 3. COUNTY OF DEATH |
|---|---|---|
| Sandra Michelle BLAIR | June 16, 2004 | Montgomery |

| 4. CITY, TOWN, OR LOCATION OF DEATH AND ZIP CODE | 5. INSIDE CITY LIMITS | 6. PLACE OF DEATH—HOSPITAL OR OTHER INSTITUTION |
|---|---|---|
| Montgomery 36108 | yes | 26 Elcar Circle |

| 7. IF HOSPITAL (Specify Inpatient, ER or Outpatient, DOA) | 8. OF HISPANIC ORIGIN | 9. RACE | 10. SEX |
|---|---|---|---|
| | No | Black | Female |

| 11. AGE 39 YRS. | 12. UNDER 1 YEAR MOS. DAYS | UNDER 1 DAY HOURS | 13. DATE OF BIRTH (Month, Day, Year) October 12, 1964 | 14. DECEASED'S SOCIAL SECURITY NUMBER 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 |
|---|---|---|---|---|

| 15. EDUCATION | 16. MARITAL STATUS | 17. SURVIVING SPOUSE | 18. WAS DECEDENT EVER IN ARMED FORCES |
|---|---|---|---|
| College (1-4 or 5+) 2 | Divorced | | No |

| 19. STATE OF BIRTH | 20. RESIDENCE—STATE | 21. COUNTY | 22. CITY, TOWN, OR LOCATION AND ZIP CODE |
|---|---|---|---|
| Alabama | Alabama | Montgomery | Montgomery 36108 |

| 23. INSIDE CITY LIMITS yes | 24. STREET AND NUMBER 26 Elcar Circle | 25. INFORMANT—Name and Address Terrence Billups, 6930 Wrangler Road, Montgomery, AL 36117 |
|---|---|---|

| 26. USUAL OCCUPATION | 27. KIND OF BUSINESS OR INDUSTRY |
|---|---|
| Teacher | Montgomery County Headstart |

| 28. FATHER—NAME: First / Middle / Last | 29. MAIDEN NAME OF MOTHER: First / Middle / Last |
|---|---|
| Joe Lewis Hall | Ida Pearl Langford |

| 30. DISPOSITION OF BODY | 31. DATE OF DISPOSITION | 32. CEMETERY OR CREMATORY | 33. LOCATION—(City or Town—State) |
|---|---|---|---|
| Burial | June 19, 2004 | Long | Millbrook, AL |

| 34. FUNERAL HOME and Address | 35. FUNERAL DIRECTOR—Signature | 36. DATE SIGNED BY FUNERAL DIRECTOR |
|---|---|---|
| Phillips-Riley F.H. 2284 W. Fairview Ave. Montg. AL 36108 | Anna M. Queen-Phillips | June 18, 2004 |

37. ☑ Certifying Physician  ☐ Medical Examiner  ☐ Coroner

Signature: *Davis Griffith Morrison MD*

| 38. DATE SIGNED (Month, Day, Year) |
|---|
| 7/6/04 |

| 39. TIME AND DATE OF DEATH 8:35am 6/16/04 | 40. DATE AND TIME PRONOUNCED DEAD | 41. NAME AND TITLE OF PERSON WHO COMPLETED CAUSE OF DEATH (Item 46) DAVID G. MORRISON MD |
|---|---|---|

| 42. ADDRESS OF PERSON WHO COMPLETED CAUSE OF DEATH 2055 EAST SOUTH BLVD Montgomery AL 36116 | 43. CERTIFIER LICENSE NUMBER 7089 |
|---|---|

| 44. REGISTRAR—Signature Brenda Davis | 45. DATE FILED (Month, Day, Year) July 8 2004 |
|---|---|

For State or County use only

## MEDICAL CERTIFICATION

46. PART I. Enter the diseases, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. LIST ONLY ONE CAUSE ON EACH LINE.

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

IMMEDIATE CAUSE (Final disease or condition resulting in death) → **LUNG CANCER** — 2 years

DUE TO (OR AS A CONSEQUENCE OF):

DUE TO (OR AS A CONSEQUENCE OF):

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (Disease or injury that initiated events resulting in death) LAST.

DUE TO (OR AS A CONSEQUENCE OF):

47. PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I.

48. WAS THERE A PREGNANCY IN LAST 42 DAYS (Specify Yes/No or Unk.)

| 49. MANNER OF DEATH Natural | 50. AUTOPSY | 51. If Yes, were findings considered in determining cause of death | 52. DATE OF INJURY (Month, Day, Year) | 54. HOUR OF INJURY |
|---|---|---|---|---|

| 52. HOW INJURY OCCURRED | | |
|---|---|---|

| 55. INJURY AT WORK (Specify Yes or No) | 56. PLACE OF INJURY | 57. LOCATION OF INJURY |
|---|---|---|

This is a legal record and must be filed within five (5) days after death.

ADPH-HS 2/Rev. 11-9

This is a true and exact copy of the record on file with the Montgomery County Health Department



Brenda Davis

July 8 2004

# EXHIBIT "C"



PO Box 14547
Lexington, KY 40512-4547

Ellen M. Burris
Client Services
Aetna Life Insurance
(860) 273-4639
Fax: (800) 803-5934

July 27, 2004

Frank Blair
26 Ellcott Circle
Montgomery, AL  36118

Dear Mr. Blair:

RE:  Sandra M. Blair
Employer: Americold Logistics

Please accept our condolences at the recent death of your wife.

Unfortunately, we have researched our records and found that as of the date of Mrs. Blair's death
you did not have dependent spouse coverage in force.  Our records reflect that you had elected
dependent child coverage, but not spousal coverage.  Therefore there is no life benefit payable
for this claim.

Please contact your employer if you have any questions regarding this matter.

Sincerely,

Ellen M. Burris

# EXHIBIT "3"

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**FRANK BLAIR,**                                )
                                                )
      Plaintiff,                           )
                                                )
**v.**                                          )
                                                )    **CIVIL ACTION NUMBER:  2006-1687**
**AETNA LIFE INSURANCE COMPANY,**               )
**AMERICOLD LOGISTICS, LLC, DAWN**              )
**SANFORD, et al.,**                            )

      Defendants.

### NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendants Aetna Life Insurance Company, AmeriCold Logistics, LLC, and Dawn Sanford (collectively "Defendants") hereby give notice to the Circuit Court of Montgomery County, Alabama, and to Plaintiff that Defendants filed a Notice of Removal with the United States District Court for the Middle District of Alabama, Northern Division, and that this case has been removed to that Court.  Attached is a copy of the Notice of Removal.

Respectfully submitted,

James S. Christie, Jr. (CHR011)
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL  35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Attorneys for Defendants
Aetna Life Insurance Company
AmeriCold Logistics, LLC,
and Dawn Sanford

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

> Ralph Bohanan, Jr.
> Bohanan & Knight, P.C.
> Suite 318 North
> Birmingham, Alabama  35243

by placing a copy in the United States Mail, postage prepaid, on this 21st day of July, 2006.

_____
One of the Attorneys for Defendants

2