IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUL 21  A 11: 19
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| FRANK BLAIR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| AETNA LIFE INSURANCE COMPANY, AMERICOLD LOGISTICS, LLC, DAWN SANFORD, et al., | ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NUMBER

2:06cv 651 - MEF

**DEFENDANTS' BRIEF SUPPORTING
MOTION TO DISMISS OR IN THE
ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants Aetna Life Insurance Company ("Aetna"), AmeriCold Logistics, LLC ("AmeriCold"), and Dawn Sanford (collectively "Defendants") submit this brief in support of their Motion to Dismiss or, in the Alternative, for Summary Judgment.

**I. STATEMENT OF FACTS**

Plaintiff (and AmeriCold employee) Frank Blair, the alleged widower of Sandra Blair, has sued Defendants for benefits under the Life Insurance and Accidental Death & Personal Loss Coverage (the "Plan"). The Summary Plan Description ("SPD") for the Plan is attached as Exhibit

A to the Affidavit of Ronald L. Campo, Jr., which is attached as Exhibit 2 to Defendants' Notice of Removal.

As reflected in Paragraphs 6 & 8 of Ronald Campo's Affidavit, Plaintiff has not, as required by the Plan's administrative procedures, appealed Aetna's initial denial of his spousal life insurance claim. Instead, Plaintiff has filed the Complaint in this lawsuit.

In addition, and as reflected in Paragraph 5 of Ronald Campo's Affidavit, the Plan's express terms provide spousal life insurance coverage only to a claimant's "legal spouse." Plaintiff and his wife, Sandra Blair, were divorced in 1997. (*See* Case Action Summary for the matter of *Sandra Blair v. Frank Blair*, DR 1997-460, in the Circuit Court of Montgomery County, Alabama, attached as Ex. 1 to Defs.' Mot. to Dismiss or in the Alternative for Summ. J.; Sandra Blair's Death Certificate, attached as Ex. 2 to Defs.' Mot. to Dismiss or in the Alternative for Summ. J. (documenting that Sandra Blair was divorced at the time of her death)). Accordingly, Plaintiff was not married to Sandra Blair when she passed away on June 16, 2004.

## II. ARGUMENT

Defendants are entitled to a dismissal or, alternatively, to summary judgment, based on Plaintiff's failure to exhaust the Plan's administrative remedies.

### A. Dismissal for Failure to Exhaust

Plaintiff's claims should be dismissed because Plaintiff did not allege that the Plan's administrative remedies are unavailable or had been exhausted. *See Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160 (11th Cir. 1992) (under ERISA, a district court may in its discretion dismiss claims based on failure to plead unavailability or exhaustion of administrative remedies.)

Moreover, Plaintiff's claims must be dismissed because "[t]he law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. Am. Gen. Life and Accident Ins. Co.*, 111 F.3d 105, 107 (11th Cir. 1997); *see also Harrison v. United Mine Workers of Am. 1974 Benefit Plan & Trust*, 941 F. 2d 1190, 1193 (11th Cir. 1991); *accord Merritt v. Confederation Life Ins. Co.*, 881 F.2d 1034 (11th Cir. 1989); *Mason v. Cont'l Group, Inc.*, 763 F.2d 1219 (11th Cir. 1985). Without dispute, Plaintiff has never requested a review of his claim denial, which is the available administrative remedy.

3

Therefore, Plaintiff has failed to exhaust the Plan's required administrative remedies.

### B. Dismissal for Failure to Satisfy the Plan's Insurance Coverage Requirements

Plaintiff's claims should be dismissed because Plaintiff cannot satisfy the express terms of the Plan's insurance coverage requirements. (*See* Ex. A to Aff. of Ronald L. Campo, Jr., which is attached as Ex. 2 to Defs.' Notice of Removal); *Alday v. Container Corp.*, 906 F.2d 660, 665 (11th Cir. 1990) ("[A]ny [participant's] right to . . . benefits at a particular cost can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document.").

Sandra Blair died on June 16, 2004, after a two-year battle with lung cancer. (Ex. 2 to Defs.' Mot. to Dismiss on in the Alternative for Summ. J. (documenting a two-year interval between the onset of Sandra Blair's lung cancer and her death)). After his ex-wife was diagnosed with lung cancer, Plaintiff alleges that he purchased, on November 20, 2002, the spousal life insurance policy that is at issue in this dispute. (Compl. ¶ 5). Notwithstanding Plaintiff's alleged purchase, the Plan's express terms provide spousal life insurance coverage only to a claimant's "legal spouse." (*See* Aff. of Ronald Campo at ¶ 5). Sandra Blair ceased to be Plaintiff's "legal spouse" in 1997 when she and Plaintiff were divorced. (*See* Ex. 1 to

4

Defs.' Mot. to Dismiss on in the Alternative for Summ. J. (Case Action Summary for the Blairs' divorce proceedings); Ex. 2 to Defs.' Mot. to Dismiss on in the Alternative for Summ. J. (documenting that Sandra Blair was divorced at the time of her death)). Because Sandra Blair's eligibility for life insurance coverage ended under the express terms of the Plan in 1997, Plaintiff was not entitled to spousal life insurance benefits when Sandra Blair died in June 2004.

### III. CONCLUSION

Accordingly, Defendants respectfully request this Court to dismiss this case or, alternatively, to grant summary judgment in favor of Defendants, based on Plaintiff's failure to exhaust the administrative remedies or Plaintiff's failure to satisfy the Plan's insurance coverage requirements.

Respectfully Submitted,

_____
James S. Christie, Jr. (CHR011)
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Attorneys for Defendants
Aetna Life Insurance Company
AmeriCold Logistics, LLC,
and Dawn Sanford

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Ralph Bohanan, Jr.
Bohanan & Knight, P.C.
Suite 318 North
Birmingham, Alabama 35243

by placing a copy in the United States Mail, postage prepaid, on this 21st day of July, 2006.

*/s/ Aurelia Pucell*
One of the Attorneys for Defendants

6

1/1470521.1