IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANK BLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| AETNA LIFE INSURANCE ) | 2:06-cv-00651-MEF-SRW |
| COMPANY, AMERICOLD ) | |
| LOGISTICS, LLC, DAWN ) | |
| SANFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE

Defendants Aetna Life Insurance Company ("Aetna"), AmeriCold Logistics, LLC ("AmeriCold"), and Dawn Sanford hereby submit this reply to Plaintiff's Memorandum Brief in Response to Defendants' Aetna Life Insurance Company, AmeriCold Logistics, LLC and Dawn Sanford's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Plaintiff's Brief"). Plaintiff's claims should be dismissed because (1) Plaintiff did not exhaust administrative remedies and cannot genuinely argue that exhaustion should be excused or (2) Plaintiff is not entitled to benefits under the Plan's terms.

## I. PLAINTIFF DID NOT EXHAUST

Plaintiff argues that his "complaint should not be dismissed for failure to exhaust any alleged administrative remedy in light of the fact that there is no proof that he received a copy of any document alerting him of his administrative remedy . . . ." Plaintiff's Brief at 3. Plaintiff's argument is wrong – the record does have such evidence.

Plaintiff incorrectly argues that he should not be required to exhaust administrative remedies because he did not receive an insurance <u>policy</u> for Sandra Blair, his deceased ex-wife. Plaintiff's Brief at 2-4. Under no circumstances, however, would, could or should Plaintiff have received an insurance <u>policy</u> for his deceased ex-wife or for anyone else with respect to coverage under the ERISA plan in question.[1] Instead, Defendants were only required to furnish Plaintiff a summary plan description[2] ("SPD") for the

---

[1] Plaintiff complains that he did not receive "a policy of insurance for Sandra Blair" and concludes that one was not issued for her. Plaintiff's Brief at 3. Plaintiff misunderstands the Plan's insurance. The Plan is funded by a group insurance policy, not individual policies. Plaintiff also appears to assume that the procedure for seeking administrative review of his claim would be found in a policy, whether "a policy of insurance for Sandra Blair" or a group policy. Not so. A description of Plan's administrative remedies is contained in the SPD, not the group policy.

[2] Aetna provided the Certificate of Coverage and SPD to AmeriCold to distribute to Plan participants. *See* Notice of Removal, Ex. 2, Ex. A (the Certificate of Coverage and SPD) at Aetna 0002 & Aetna 0038; *see also* 29 U.S.C. § 1024(b) (requiring publication of a summary plan description to participants); 29 C.F.R. § 2520.104b (same).

Americold Logistics LLC Life Insurance and Accidental Death & Personal Loss Coverage Plan (the "Plan"). In other words, Plaintiff argues that his failure to exhaust administrative remedies should be excused because he did not receive a separate insurance policy that never did exist, never was supposed to exist, and never would have existed.

The SPD, not any policy, is the Plan document that describes the claims submission process and Plan's administrative remedies. *See* Aetna 0039-040 (describing administrative procedure). The SPD also describes the life insurance benefits for a Plan participant such as Plaintiff and, if a participant's spouse is covered, for the spouse. *See* Aetna 0007, 0016, 0029, & 0032 (describing coverage for a spouse). Under ERISA, Plaintiff was supposed to receive this SPD for his own coverage and for any spouse coverage; he was not supposed to receive a policy for himself, much less a policy or any other separate document for a spouse.

In their brief, Defendants plainly relied upon this same SPD, as filed with the Court, to support their pending motion. Defendants' Brief Supporting Motion to Dismiss or in the alternative for Summary Judgment at 1-2 & 4-5. Attached to an affidavit, this SPD is properly part of the record before this Court. Notice of Removal, Ex. 2, Ex. A. This same SPD at Aetna 0039-040 plainly describes the applicable administrative procedure.

*Cf. Barnes v. Lacey*, 927 F.2d 539, 543 (11th Cir. 1991) (holding that participants "have constructive knowledge of the Plan language"). Therefore, the record has evidence that Plaintiff knew or should have known of the administrative procedures.

Perhaps carefully, Plaintiff does not argue that he did not receive an SPD. Instead, Plaintiff only argues that "there is no evidence before this Court that [Plaintiff] received a copy of a policy [for his deceased ex-wife]" and otherwise argues about not having received this non-existent policy. Therefore, record evidence shows that Plaintiff knew or should have known of the administrative procedures and is undisputed.

Plaintiff's only other argument as to exhaustion seems to be that the denial letter does not comply with some technical requirements. Plaintiff's Brief at 3. This district has repeatedly dismissed similar attempts to excuse exhaustion.[3] *E.g., Kirkland v. SSL Americas, Inc.*, 263 F. Supp. 2d 1326, 1348-350 (M.D. Ala. 2003) (rejecting the plaintiffs' arguments that exhaustion was excused by technical noncompliance); *Stephenson v.*

---

[3] If the Court were not to grant summary judgment in favor of Defendants, Defendants would join with Plaintiff in asking for an administrative remand, rather than the parties' further litigating whether Plaintiff's failure to exhaust is excused. *See* Plaintiff's Brief at 3 (arguing that, if Plaintiff's failure to exhaust is excused, "the remedy . . . is to remand to the plan administrator," rather than summary judgment.) As in *Cromer-Tyler v. Edward R. Teitel, M.D., P.C.*, 2006 WL 2355415 *5 (M.D. Ala. Aug. 14, 2006), the remedy if exhaustion were excused would be a dismissal for an out-of-time appeal.

*Provident Life & Acc. Ins. Co.*, 1 F. Supp. 2d 1326, 1331-32 (M.D. Ala. 1998) (similar). Accordingly, Plaintiff's complaint is due to be dismissed.

## II.    PLAINTIFF'S CLAIM AND THE PLAN'S TERMS

It is telling that nowhere does Plaintiff argue that Sandra Blair and he were actually married and that he thus might be entitled to the Plan benefits under the terms of the Plan. *Cf. Alday v. Container Corp.*, 906 F.2d 660, 665 (11th Cir. 1990) ("[A]ny [participant's] right to . . . benefits at a particular cost can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document."). Instead, Plaintiff merely points out that for the several months before his ex-wife died, premiums were deducted from his paycheck for her coverage.[4]  *Cf. Katz v. Comprehensive Plan of Group Ins, AllTel*, 197 F.3d 1084, 1090 (11th Cir.

---

[4] Defendants have now refunded the premiums. Due in part to personnel and to computer system changes, Defendants have been unable to determine why or how these premiums began to be deducted. Defendants' informal investigation reflects that, in November 2002, Plaintiff unsuccessfully attempted to re-enroll his ex-wife (who had been dis-enrolled after the divorce). In March 2004, deductions for spousal premiums began to be made from his paychecks. No 2004 enrollment paperwork related to Plaintiff has been found. For the amount of life insurance benefits that Plaintiff claims, Plaintiff would have been required to "submit evidence of [his ex-wife's] good health to Aetna and such evidence [be] approved by Aetna." Aetna 0032. No such submission was made to Aetna. In June 2004, Plaintiff's ex-wife's two-year struggle with lung cancer ended, as reflected on her Death Certificate. These circumstances present numerous unanswered fact questions, but no factual disputes that are material to Defendants' pending motion for summary judgment.

1999) (under ERISA, holding that equitable estoppel is available only in limited circumstances that do not apply here).

In essence, Plaintiff has admitted that, under the Plan terms, he is not entitled to Plan benefits. Accordingly, under ERISA, Plaintiff's complaint is due to be dismissed.

### III.   CONCLUSION

Accordingly, Defendants respectfully request this Court to dismiss this action or, alternatively, to grant summary judgment in favor of Defendants, based on Plaintiff's failure to exhaust administrative remedies or on Plaintiff's not being entitled to Plan benefits under the Plan's terms.

s/ James S. Christie, Jr.
James S. Christie, Jr. (CHR011)
Amelia T. Driscoll (DRI016)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
jchristie@bradleyarant.com
adriscoll@bradleyarant.com
Attorneys for Defendants
Aetna Life Insurance Company
AmeriCold Logistics, LLC,
and Dawn Sanford

## CERTIFICATE OF SERVICE

      I hereby certify that on August 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Ralph Bohanan, Jr.
>Bohanan & Knight, P.C.
>Suite 318 North
>Birmingham, Alabama  35243

and I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants:

>None.

                Respectfully submitted,

                s/ James S. Christie, Jr.
                James S. Christie, Jr. (CHR011)